By the Court. Mason, J.
The first question which presents itself is, What is the estate or interest which the plaintiffs have in the bulkhead or wharf?
It was not pretended on the argument, that they own the land on which it is erected. It is built on the permanent line of West street; and West street, extending easterly from the permanent line seventy feet, was expressly excepted from the grant. The words are, 11 Saving and reserving nevertheless out of the several water lots and soil under water above mentioned, so much of the same as will be necessary to make Washington street sixty feet wide, and West street seventy feet wide.” The title to the land then never passed out of the defendants by this conveyance, and of course they are the legal owners of the bulkhead and wharf erected thereon by Mr. Astor under the covenants in the grant.
The equivalent which Mr. Astor obtained for his expenditures, was the right to receive the fees or dues levied on vessels for the privilege of laying at the wharf and receiving and discharging their cargoes.
As to the nature of this right, the learned counsel who argued this cause were not agreed. The counsel for the plaintiffs contended that it is a matter resting in covenant only. We are of opinion however that this interest is real property, and that the part of the deed relating to it, is to be considered as a conditional grant, and not a covenant. It is as follows: “ The parties of the first part for themselves and their successors, covenant with the *557 said party of the second part his heirs and assigns, that the said party of the second part, his heirs and assigns, paying and performing,” &c., 11 shall and may lawfully at all times hereafter fully and freely have, use, and enjoy, to his and their own use, all, and all manner of wharfage, benefits and advantages growing, accruing or arising by and from the wharf,” &c., to be erected.
It was clearly the intention of the defendants, that Mr. Astor • •should have all the right to the wharfage which they themselves possessed, after he had paid the stipulated consideration by filling! up the street and erecting the bulkhead, and that this right should* pass to his heirs. So the parties have themselves considered it. It appears by the bill that he or the plaintiffs have always collected. the wharfage, and that the defendants have endeavored to tax his right to do so, on the ground of its being real estate belonging to him; and it would therefore be unreasonable, as well as contrary to the intention of the parties, to put such a construction on the deed as should enable the defendants still to retain the legal right to collect the wharfage, and give the plaintiffs merely a right of action against them, to recover it. The objection to holding it to be a grant is, that the word “grant’ is not used, but only the word covenant. But in many cases the law creates a good grant without express words, because it is the design of the law to render all contracts binding and effectual so far as the intention of the parties may be gathered from the deed; and such interpretation is much stronger against the grantor, because he is presumed to receive a valuable consideration for what he parts with. (Shep. Touch. 232; 2 Roll. Abr. 56.) “ It never had been held necessary,” said Lord Kenyon, in Shool v. Pincke. (5 T. R. 129,) “ that the word 1grant’ should be used in a grant, it being sufficient if the intention to grant be manifested by a deed.” The deed then under consideration makes a1 grant’ to Astor and his heirs, of. the fees and duties payable out of the use of the wharf, while the fee of the wharf itself remains with the defendants ; and this is precisely the estate or interest known as an incorporeal hereditament. “ Corporeal hereditament,” says Blackstone, (2 Com. 191,) “ are the substance, which may be always seen, always handled. Incorporeal hereditaments are *558 but a sort of accident which inhere in and are supported by that substance, and may belong or not belong to it without any visible alteration therein. Their existence is merely an idea and abstracted contemplation, though their effects may be frequently objects of our bodily senses; and indeed if we would fix a clear notion of an incorporeal hereditament, we must be careful not to confound together the profits produced, and the thing or hereditament which produced them.”
This wharfage issues out of and is produced by the land, yet is separated from it. It is part of the franchise originally granted by the crown to the corporation of New York, of all the wharf-age arising, and to be collected from the whole island; (Kent’s City Charter, page 87,) and by the corporation transferred, as far as this property was concerned, to Mr. Astor, without the right to the soil. Such being the nature of the interest of the plaintiff, we are of opinion that it was not reached by the assessment or sale complained of by the bill.
. The assessment was on the bulkhead; the visible, tangible substance ; and not on the invisible right to the profits issuing out of that substance ; and the sale was in accordance with the assessment. The possession under the comptroller’s deed, of the visible property, would not vest the purchaser with the incorporeal or invisible right, which was not sold, or pretended to be sold. All that was sold was the fee of the bulkhead, subject to the rights of the public therein. And although it was doubtless the object and intention of the corporation, by means of the sale, to reach the interest of Mr. Astor and his representatives in the wharfage, yet as the proceedings are upon the face of them ineffectual and void for that purpose, they do not perhaps within the meaning and spirit of the late decisions on this subject, cast such a cloud upon the title of the plaintiffs, as to warrant the interference of this court to set them aside. (Simpson v. Lord Howden, 3 Myl. & Cr. 97, and cases there cited; Van Doren v. The Mayor &c. of New York, 8 Paige, 388.)
The bill, however, distinctly raises the question whether the right to the wharfage thus granted is or is not liable to taxation under the laws of the state. That question has been argued at length before us, and it was conceded by the counsel for both *559 parties, that the principal object of the suit was to obtain the decision of the court on this point. We therefore proceed to consider it.
. The subject is entirely of statutory regulation, and the revised statutes define very clearly the several descriptions of property subject to taxation.
The first section of the act in relation to the assessment and collection of taxes, (1 R. S. 387,) is as follows : “All lands and all personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation subject to the exemption herein specified.”
The next section declares that the term “ land,” as used in that chapter, “ shall be construed to include the land itself, all buildings and other articles erected upon, or affixed to the same, all trees and underwood growing thereon, and all mines, minerals, quarries and fossils, in and under the same, except mines belonging to the state; and the terms ‘ real estate,’ and ‘ real property,’ whenever they occur in this chapter, shall be construed as having the same meaning as the term ‘ land,’ thus defined.”
. The estate in question, being an incorporeal hereditament, or a right issuing out of the land, clearly does not fall within the definition of lands, contained in the foregoing sections.
Is it included in the term ‘ personal estate’ ?
The third section of the same act declares that “ the terms - . ‘ personal estate’ and ‘ personal property,’ wherever they occur in this chapter, shall be construed to include all household furniture, monies, goods and chattels, debts due from solvent debtors whether on account, contract, bond and mortgage, public stocks, and stocks in monied corporations.”
The learned counsel for the corporation contended with much earnestness, that the interest of the plaintiffs in the wharfage, was an ‘ incorporeal chattel,’ and therefore liable, under the definition of ‘ personal estate’ in this section, to taxation as a chattel.
. But upon referring to the passage in 2 Stephen’s Com. p. 72, which was cited as authority for this application of the term, it will be seen that the author explains the term incorporeal chattels to mean interests arising out of personal property, as incorporeal hereditaments are interests or rights issuing out of land. *560 The right in question, we have shown to be of the latter description, and to be strictly an incorporeal hereditament.
And even were the doctrine true, the law nowhere authorizes the separate assessment of different kinds of personal property, as is done with regard to real estate, and their sale for the nonpayment of the tax assessed.
The individual owning personal property is assessed in respect of all his personal property, of whatever kind and wherever situated ; and payment of the whole tax thus assessed, can be enforced by distress and sale of any part. But the tax forms no specific lien on any part of the personalty, and no authority is given by law for its sale. The value of any chattel, forms part of the estimate of the personal estate, and the aggregate amount of the tax on the whole personal property of any individual, is collected out of any portion that may be within reach of the collector.
We are therefore obliged to decide that this franchise, valuable as it is, is neither land nor personal estate subject to taxation by the laws of this state ; and that, not only this particular kind of incorporeal hereditament, but all incorporeal hereditaments whatever, are by a singular omission in the statutes, exempt from contributing their just proportion to the public burthens, and must continue to be so exempt, until the legislature shall take the necessary action in the premises.
The demurrer must be overruled. The plaintiffs are entitled to a decree, declaring that the right to wharfage granted and secured to John Jacob Astor by the grant mentioned in the bill and now owned by the plaintiffs, is not by the laws of this state subject to taxation ; that the assessment of taxes upon the bulkhead mentioned in the bill, and the sales for the non-payment of such taxes, or of any of them, in so far as they sought or were intended to reach that right or interest, were null and void; and the defendants must be perpetually enjoined from assessing such interest. And although the court will not, upon this bill, enjoin the defendants from assessing and selling to a private individual, a piece of their own land which they have dedicated to the use of the public as a public street and wharf, yet it is proper that in any conveyance which they may grant upon a sale *561 of the bulkhead in this case, a clause should be inserted that the conveyance shall in no manner prejudice or affect the right of the plaintiffs to receive the wharfage as heretofore, and the decree will contain a direction to that effect
No costs allowed to either party.