JAMES W. SMITH *against* THE MAYOR, ALDERMEN AND
COMMONALTY OF THE CITY OF NEW YORK.

(Decided April 3d, 1876.)

The right to collect wharfage from a pier in the city of New York, is a mere incorporeal right, and not subject to taxation.

An assessment of a tax on the "southerly half of pier foot of Stanton street," in the city of New York, shows on its face that it is a tax which the commissioners had no power to levy, and it needs no extrinsic evidence to show its invalidity. It is not such a cloud on title that an action in equity will lie for its removal.

APPEAL by defendant from an order made at special term by Judge JOSEPH F. DALY, overruling a demurrer, and from the judgment entered thereon. The action was brought to have declared void a tax assessed on the plaintiff's property. The facts are fully stated in the opinion.

*David J. Dean*, for appellant.

*E. O. Andrews*, for respondent.

VAN BRUNT, J.—In 1852 the defendants granted to William and Milton G. Smith certain lands under water, including the southerly half of Stanton street, with an obligation on the part of the Smiths to build certain streets, including the southerly half of Stanton street, and to keep such streets forever in repair at the cost of said Smiths; and said Smiths were to build certain piers or wharfs opposite the land so granted, including one at the foot of the southerly half of Stanton street, at their own cost, which wharfs or piers said Smiths were forever thereafter to keep in repair; and said streets and wharfs or piers were forever to be public streets and wharfs or piers; and said Smiths were granted a perpetual right to all wharfage, cranage, benefits and advantages growing or arising from such wharfs or piers. In May, 1857, Milton G. Smith conveyed his interest in said premises to William Smith. In 1864 Smith built a pier at

the foot of the southerly half of Stanton street, and since its erection said pier has always been used and occupied as provided by said grant. By a series of mesne conveyances said property in 1866 came into the possession of the plaintiff. In 1864 and 1865 said property was taxed, and was assessed to William Smith as owner or occupant, and was described in the assessment roll as "one half of pier between Stanton and Rivington streets."

In 1866 to 1872, inclusive, said property was taxed and was assessed to William Smith as owner or occupant, and was described as "southerly half of pier foot of Stanton street."

The defendants demurred to the complaint for not containing facts sufficient to constitute a cause of action, and because the court had no jurisdiction of the subject-matter. The demurrer was overruled and leave given to answer.

No answer having been served, judgment was rendered for the plaintiff, declaring the taxes void, and enjoining the collection thereof, by sale or otherwise. Defendants appeal from the order overruling the demurrer and from the judgment.

The only question necessary to be determined upon this appeal is, does the tax levied upon the "southerly half of pier foot of Stanton street" create a cloud upon the title of the plaintiff to that pier?

It is to be observed that the only property which the plaintiff has in this pier is the right to collect the wharfage therefrom, and that the title to the land upon which the pier is built remains in the corporation of the city of New York. The rule as laid down by the Court of Appeals in the case of *Marsh* v. *City of Brooklyn* (59 N. Y. 283), governing this class of actions is this: "When the claim or lien purports to affect real estate, and appears on its face to be valid; when the defect in it can be made to appear only by extrinsic evidence which will not necessarily appear in proceedings by the claimant thereof to enforce the lien, there is a case presented for invoking the aid of a court of equity to remove the lien which is a cloud upon the title." That is, unless extrinsic evidence be necessary to show the invalidity of the lien, the action will not lie. Therefore if it appears upon the face of the proceedings levying this

tax that the commissioners had no power to levy the same, this action cannot be maintained, as no cloud exists.

The section of the statutes defining property liable to taxation is as follows:

Section I. (Vol. 1, Rev. Stat. p. 387). "All lands and all personal estate within this State, whether owned by individuals or by corporations, shall be liable to taxation, subject to the exemptions hereinafter specified."

Section II. "The term 'land' as used in this chapter shall be construed to include the land itself, all buildings and other articles erected upon or affixed to the same, * * * * and the terms 'real estate' and 'real property,' whenever they occur in this chapter, shall be construed as having the same meaning as the 'land' thus defined.

Section III. "The terms 'personal estate' and 'personal property,' whenever they occur in this chapter, shall be construed to include all household furniture, moneys, goods, chattels, &c."

It is clear that the "southerly half of pier foot of Stanton street" is neither "land" nor "personal property," and cannot be taxed. It is an incorporeal hereditament, neither real or personal property, and the owner is not taxable for it (*Boreel* v. *The Mayor, &c.* 2 Sandf. 552).

The assessors have no power under the Revised Statutes to assess any building or erection independent of the land upon which it is situated, as their power is restricted to assessing the "land," and with the "land" is included all erections thereon.

The "land" is the thing assessed, and the buildings upon it are included with it; but no power is given by the statute to assess any erection independent of the land.

In the case at bar no attempt has been made by assessors to assess the land upon which the pier has been erected; but the pier itself is assessed, which they had no power to do. This defect appears upon the face of the assessment roll, and the tax therefore is no cloud upon title.

The order overruling the demurrer, and the judgment entered thereon, must be reversed, with costs to the defendant.

VAN HOESEN, J., concurred.

CHARLES P. DALY, Chief Justice.—I concur with Judge VAN BRUNT. The plaintiff, in his additional point, says that the property was assessed as so much land. The statement in the complaint is, that it was assessed as " one-half of pier between Stanton and Rivington streets," which is not on the face of the proceedings, an assessment on the land or real estate, but upon an incorporeal hereditament, for which there was no authority.

Judgment reversed.