The Hudson River Bridge Company, Appellant, *v.* John A. Patterson et al., Respondents.

Under the section of the Revised Statutes (1 R. S., 389, § 6), providing for the assessment for the purposes of taxation of the property of corporations, the real estate of toll bridge companies is assessable in the town or ward in which it lies; the qualification in respect to such corporations in the last clause of said section directing that they " shall be assessed in the town or ward in which the tolls are collected " applies to their personal estate only.

Accordingly *held*, that the real estate of such a corporation, situate in a school district, was properly assessed and taxed in said district.

A toll bridge over a navigable river is properly assessed and taxed as real estate.

(Argued June 17, 1878; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendant, entered upon the report of a referee. (Reported below, 11 Hun, 525.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Matthew Hale,* for appellant. As plaintiff's tolls were collected in Albany, and its treasurer had his office and resided there, it was not liable to assessment elsewhere. (1 R. S., 389, § 6.) This provision of the Revised Statutes applies to both real and personal estate. (*Utica Cotton Co.* v. *Suprs.; etc.,* 1 Barb. Ch., 447; *Rundell* v. *Lakey,* 46 N. Y., 613, 617.) The general school act of 1864 (chap. 555, § 66) which changed the rule of taxing toll bridges has not repealed section 6 of 1 Revised Statutes, 389. (*People* v. *Quigg,* 59 N. Y., 83; *Lefevre* v. *Lefevre,* 59 id., 434, 448, 449; *In re Central Park,* 50 id., 493, 497; *Copen* v. *Glover,* 4 Mass., 305; *Jewel* v. *Van Steenburgh,* 58 N. Y., 85.) The portion of the bridge in the town of North Greenbush being all built over tide-water was not assessable anywhere. (*Bareel* v. *Mayor, etc.,* 2 Sandf., 552; *Schuylkill Bridge Co.* v. *Frailey,* 13 S. & R., 422.)

*Amasa J. Parker,* for respondents. Plaintiff's real estate was taxable in the town in which it was situated. (1 R. S., 389, 390, § 6; Laws 1871, chap. 287, p. 565; *Oswego* v. *Dilloway,* 21 N. Y., 452; Laws 1864, chap. 555, § 66; *Oswego* v. *Dilloway,* 21 N. Y., 449, 455; *People* v. *Cassity,* 46 N. Y., 56, 57; Abbott's Dig. Corp. [Resident] ; 10 How. Pr. R., 403, 11 How., 149; 17 Me., 434.) The special provisions of the act of 1864 (chap. 555) are to be observed, though inconsistent with the general provisions of the statutes. (*Clark* v. *Tunnicliff,* 38 N. Y., 58.) Plaintiff's structure was not a toll bridge within the provisions of the Revised Statutes. (1 Abb. New Dig., 562; *Thompson* v. *Matthews,* 2 Edw., 216; Laws 1856, chap. 146, p. 224; Laws 1848,

pp. 229, 230; Laws 1869, chap. 855; Burroughs on Taxation, 134; *Bridge Proprs.* v. *Hoboken Co.*, 1 Wal., 116; 6 Paige, 554; *Fitch* v. *R. R. Co.*, 30 Conn., 38.) Plaintiff's lots in the town of Greenbush were no part of the bridge, and stand on the same footing as all other real estate. (*Colton* v. *Bigelow*, 38 Barb., 29; *Easton* v. *Calendar*, 11 Wend., 90.) Plaintiff's bridge was liable to taxation as real property. (*Whitney* v. *Thomas*, 23 N. Y., 281; *Smith* v. *Mayor*, etc., 4 N. Y. W'kly Dig., 177; *Troy and Lansingburgh* v. *Kane.* id., 307.)

CHURCH, Ch. J. This is an action to recover damages for seizing and selling a tug-boat belonging to the plaintiff. The defendants justified as trustees of Union Free School District No. 6 of the town of North Greenbush, under a tax voted for school purposes, and a warrant duly issued to enforce the same. The assessment was upon real estate, being that part of the plaintiff's bridge and property situate in said town. No question was made as to the regularity of the proceedings, but the claim of the plaintiff was predicated upon a want of jurisdiction in the school district, represented by the defendants to assess the plaintiff's property at all. The bridge spans the Hudson river at Albany, and is used as a railroad toll bridge, the tolls being collected by the treasurer of the company, whose office is located in Albany.

The defendants interposed three defenses to the action:

1st. That the assessment was legal under the statute assuming that the structure is a toll bridge.

2d. That this bridge was not a toll bridge within the meaning of the statute.

3d. That a portion of the assessment was upon lots or parts of lots not used for bridge purposes which gave the defendants jurisdiction, and hence that they are not liable in this action even if they included in the assessment too much property.

The referee decided in favor of the defendants upon the last two defenses, and expressed an opinion against the first,

while the General Term affirmed the judgment upon the first defense, and expressed an opinion in favor of the other two.

We shall consider the first question only, viz.: Whether that portion of the real estate of the defendant situated within the school district referred to in the town of Greenbush was legally assessable there. We concur with the General Term upon this point. The question depends upon the construction of the statute.

The first, second and third sections of 1 R. S., 389, prescribe the general rule adopted in this State, that all lands shall be assessed in the town or ward where the same is situated, either against the owner, occupant, or as non-resident lands. The sixth section prescribes the same rule for taxing the property of incorporated companies, but it is claimed that toll-bridges are excepted. The section reads as follows : " Section six. The real estate of all incorporated companies liable to taxation shall be assessed in the town or ward in which the same shall lie, in the same manner as the real estate of individuals. All the personal estate of every incorporated company liable to taxation on its capital, shall be assessed in the town or ward where the principal office or place for transacting the financial concerns of the company shall be ; or if such company have no principal office or place for transacting its financial concerns, then in the town or ward where the operations of such company shall be carried on. In the case of toll-bridges, the company owning such bridge shall be assessed in the town or ward in which the tolls are collected ; and when the tolls of any bridge, turnpike, or canal company, are collected in several towns or wards, the company shall be assessed in the town or ward in which the treasurer or other officer authorized to pay the last preceding dividend resides."

I think the proper construction of this section is to apply the provision in respect to toll-bridges to personal estate only, and not to real estate. The first clause is that the real estate of " *all* incorporated companies " shall be assessed in the town or ward in which the same shall lie. To this there is

no exception.    It is unqualified.·  The statute then provides
for assessing the personal estate of incorporated companies
by a general provision which is followed by the qualification
as to toll-bridges.·  It seems to me quite clear that this qualifi-
cation, both by its contiguity, subject-matter, and terms,
was intended to apply only to personal estate.  The rule as
to real estate is universal.  It is founded upon locality.  The
place " where the same is situate," is the simple and only
test, and the underlying principle is that every municipal
jurisdiction is entitled to the benefit of all real estate lying
within its borders for purposes of taxation.  No reason is
perceived why the Legislature should make toll-bridges an
exception to this universal rule.  The provision does not in
terms include real estate as it more properly would if it was
so intended, and it is found in that portion of the section
which treats of personal estate.  That the Legislature does
not deem it necessary to make toll-bridges an exception to
the general rule in taxing real estate is conclusively shown
by the general law on that subject, where the rule is expressly
made applicable to such companies formed under that act,
and if an exception existed as to companies formed under
special acts, it would then doubtless have been abrogated.
(Laws of 1848, p. 375.)  As to personal estate it is easy to
perceive a reason for the provision.  Ordinary toll-bridge
companies may not have a principal office or place for trans-
acting its financial concerns, or at least it might be difficult
to locate it, and it might be in a distant town from that in
which any part of the bridge was located.  Hence the place
where the tolls are collected was fixed as the place of assess-
ment, except when collected in different towns, and then in
the town where the treasurer resides.  This last provision
indicates that it was not intended to apply to real estate,
because while personal estate might be made to migrate for
taxation, or to avoid taxation, it cannot be supposed that the
Legislature intended that real estate situated in Rensselaer
county might be assessed and taxed in Buffalo and New York,
or a town in the extreme corner of the State.  The provision

for assessing a single farm in the town where the owner resides, in case a town line divides the farm, can scarcely be called an exception to the general rule. It was adopted as a matter of convenience, and doubtless upon the supposition that each town would gain as much as it would lose, and the interest of the respective towns would not be affected.

The point that the bridge is not taxable has no merit. (*Smith* v. *Mayor, etc. of N. Y.*, 68 N. Y., 552.) It is real estate and within the territory of the school district. The navigability of the river may give the public some rights of navigation for commercial purposes, but that does not affect the question of the ownership of the bridge and whether such ownership is real or ostensible is not material.

We do not deem it necessary to express an opinion upon the other points.

The judgment must be affirmed.

All concur, except HAND, J., taking no part; MILLER and EARL, JJ., absent.

Judgment affirmed.