THE STATE, GEORGE A. ANGLE, PROSECUTOR, v. WILLIAM LANTZ, COLLECTOR OF THE TOWNSHIP OF OXFORD, IN THE COUNTY OF WARREN.

1. A mortgage upon lands which are exempt from taxation is taxable, but it must be assessed to the mortgagee at the place of his domicil.

2. The court may direct an assessment to be changed to the proper taxing district where a tax is due, but the tax was erroneously assessed in the wrong place.

---

This writ of *certiorari* brings up an assessment of taxes.

The facts appear in the following state of the case agreed upon and signed by the respective attorneys:

The prosecutor resides in Belvidere, Warren county. On June 9th, 1884, the trustees of the Second Presbyterian Church of Oxford executed a mortgage to John W. Booth to secure $2,500.

This mortgage is upon a lot in Oxford township, fifty feet front and one hundred and fifty feet deep, on which there is erected a building used for religious worship known as " The Second Presbyterian Church of Oxford." Booth was assessed in said township for this mortgage during his lifetime and paid the taxes upon the same each year.

In April, 1890, this mortgage was assigned to the prosecutor by the administrator of John W. Booth, deceased, and the prosecutor was assessed for the mortgage in the township of Oxford. Application was duly made to the commissioners of appeal of Oxford township, and they refused to set aside this assessment.

Argued at February Term, 1891, before Justices KNAPP and REED.

For the prosecutor, *George A. Angle.*

For the defendant, *Nicholas Harris.*

The opinion of the court was delivered by

REED, J. The question propounded is, whether a mortgage upon land which is exempt from taxation is liable to taxation. Immunity is claimed by the mortgagee under the language of the first section of the act of 1876. *Rev., p.* 1163, § 109. This section provides that hereafter no mortgage or debt secured thereby shall be assessed for taxation unless a deduction therefor shall have been claimed by the owner of the land and allowed by the assessor. No deduction on account of the present mortgage was or could have been claimed by the owner of the land.

It is apparent at a glance that if we regard only the letter of the section quoted, the present mortgage is included in the

class of non-ratable mortgages. But to stop with this literal construction of the statutory meaning would, in my judgment, illustrate the force of the maxim, *Qui haeret in litera haeret in cortice.* I am convinced, from a consideration of the reason which must have induced this legislation, and from an inspection of the whole act, that it was not the legislative intent to include within the class of mortgages mentioned those upon lands exempt from taxation. It is a statute dealing with the matter of deductions.

It relieves the mortgagee from a liability to be taxed in case no deduction is claimed and allowed. If no deduction is claimed, the landowner, of course, practically pays the tax. So the act is designed for the single purpose of fixing the right of the mortgagor and the obligation of the mortgagee in respect of a single matter, namely, whether a deduction is or is not claimed.

The only condition that would afford any ground for the propriety of such an act would be the existence of mortgages upon land, from the ratable value of which such mortgages could be deducted. If all the mortgages in the state were secured upon lands exempt from taxation, the act, in its whole scope, would have been nonsensical. As there would then have been nothing from which a deduction could have been made, such a thing as a claim for a deduction would have been impossible. Therefore, the provisions in the act pointing out the place where the deducted mortgage shall be assessed, namely, in the taxing district where the land lies, from the value of which the deduction is to be made, would have been meaningless. It is only when we consider the fact that the mass of mortgages is upon taxable lands, and the landowner has the right and ability to claim a deduction, that the terms of the statute become apt and consistent.

So it appears that the only condition of affairs calling for this legislative regulation was the existence of deductible real estate mortgages. The directions contained in the act seems to show that these were the only mortgages upon which the

statute was intended to operate. The mortgage now in question is not within the class affected by the act of 1876.

In addition, it may be observed that statutes dealing with deductions have been restricted to those debts which were assessable to some one. While it is the object of such statutes to prevent double taxation, judicial sentiment has been in favor of the view that they were not intended as a means of evading all taxation of the credit.

The terms of section 78 of the Tax act (*Rev.*, *p.* 1157) expressly makes it lawful to deduct debts due to a creditor within the state. Yet in *State, Montgomery, pros.*, v. *Trenton,* 11 *Vroom* 89, it was declared that there existed no purpose in this legislation to relieve the debtor unless the tax could be collected from the creditor. So, in *State, Davison, pros.*, v. *Silvers,* 12 *Vroom* 505, it was held that the act now invoked by the mortgagee did not permit a deduction unless the mortgage was taxable against the mortgagee.

While these decisions do not of necessity lead up to the conclusion that the converse of the proposition is true, and that a mortgage which is not assessed to the debtor must be assessed to the creditor, yet they have weight from the circumstance that they negative a legislative intention in these acts to grant entire immunity from taxation to both mortgagor and mortgagee.

This would be the result if the present mortgage is not assessable against the mortgagee.

My conclusion is, that the mortgage is subject to taxation.

While I have arrived at this conclusion, I am, nevertheless, unable to see how the present assessment is to be supported. This assessment is made by the assessor of Oxford township, where the mortgaged land lies. The mortgagee lives in Belvidere.

Aside from the provisions of the act of 1876, already discussed, mortgages, like all other credits, were assessed at the domicil of the owner. This mortgage was not so assessed, but was assessed in supposed conformity with the directions of the second section of the act of 1876. But the mortgages

which are to be so assessed are those named in the first section, namely, those for which a deduction has been claimed. Indeed, the ground upon which this mortgage has been held to be assessable is that it was not included within the class of mortgages affected by that act. If unaffected by the terms of the statute, then it is assessable at the domicil of the mortgagee in the town of Belvidere.

But inasmuch as a tax upon this mortgage is due, and the error consists in the selection of a wrong taxing district, I think that under the terms of the act of 1881 (*Rev. Sup.*, p. 602, § 487) we should direct that the said mortgage be added to the ratable property in the duplicate of the town of Belvidere, and be there collected as other taxes, which were there properly assessed and remain unpaid, are collectible.

Let such an order be entered.