THE STATE, SIMON MAYER, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

Under *Gen. Stat.*, p. 3345, *pl.* 291, the tax on visible personal estate is assessable in the taxing district where the property is found, and on other personal estate is assessable in the taxing district where the owner resides. If an assessment at the place of business of an inhabitant of this state is in excess of his visible personal estate at that place, but together with any assessment at his residence, though in another taxing district, does not exceed his entire taxable personal estate, this court, on *certiorari* (under *Gen. Stat.*, p. 3404, *pl.* 547), may order proper apportionment and transfer of assessment and tax.

On *certiorari* in matter of taxation.

Argued at February Term, 1898, before Justices DIXON and COLLINS.

For the prosecutor, *J. Herbert Potts.*

For the defendants, *William P. Douglass.*

The opinion of the court was delivered by

COLLINS, J.    The *certiorari* allowed in this case called for "an assessment of taxes made against Simon Mayer for the year 1895–96 by the assessors of taxes in Jersey City." The return certified an assessment and tax against "Simon Mayer, lessee, on building and stock at 254 Warren street. Value of personal property, $8,000." It appears in the case that there was also an assessment of taxes against Simon Mayer, at No. 125 Mercer street, on personal estate at a valuation of $500.

It further appears that at the time of assessment, Mr. Mayer was an inhabitant of Jersey City, residing at No. 125 Mercer street, and carrying on business as a pawnbroker, at No. 254 Warren street, in a building erected by him on demised premises. These places were in different wards, called "aldermanic districts." Taxes in Jersey City were then assessed separately in such districts.

By section 6 of "A general act concerning taxes," approved March 19th, 1891 (*Gen. Stat.*, p. 3345, *pl.* 291), it is enacted that "the tax on visible personal estate shall be assessed in and for the township, ward or taxing district where the property is found; the tax on other personal estate shall be assessed on each inhabitant in the township, ward or taxing district where he resides."

Proof adduced by the prosecutor establishes that the building at No. 254 Warren street was worth $1,000; that in his business there the prosecutor owned and used chattels worth $3,000, and held in pledge chattels on which he had advanced about $15,000.

It is plain that the aggregate assessment against the prosecutor is not excessive, but it may have been improperly distributed between the two places. The prosecutor seeks to have the assessment at his place of business reduced to the value of the visible personal estate there held in his own right, and assumes that the assessment at his residence must stand as made. The legislature has guarded against any such result

of an error in taxation. By an act approved March 22d, 1881 (*Gen. Stat.*, *p.* 3404, *pl.* 547), it is made the duty of the court, in a proceeding like the present, to amend all irregularities, errors or defects and to ascertain and determine for what sum the prosecutor or his property was legally liable to taxation, and to make the proper and lawful levy therefor. The case of *Angle* v. *Lautz*, 24 *Vroom* 578, is authority for our power under this statute to direct a change of an assessment from one taxing district to another.

The prosecutor testifies that the building at No. 254 Warren street was not removable and therefore should have been assessed against the owner of the fee; but the lease was not produced and its contents were not proved. We cannot presume that the taxable ownership of the building was not in the lessee during the term. This matter is not important, as the total assessment against the prosecutor is much below the total value of his estate, and the mode of distribution of the tax can make no possible difference to him. Similarly it can make little difference to the city what view is taken of the *status* of the pledges. Our determination is that the building should be considered as visible personal estate taxable to the prosecutor at Warren street and the pledges as representing money invested, taxable at Mercer street.

The prosecutor testifies that the amount he had invested in advances on pledges was "mostly borrowed money." The General Tax act provides (*Gen. Stat.*, *p.* 3298, *pl.* 80) that no deduction from taxable value shall be made for debts unless upon a true statement in writing, under oath or affirmation, of the several debts, to whom owing and where the creditor resides; and also of the total amount of estate including debts owing from solvent debtors. The prosecutor furnished no such statement either to the assessors or to the commissioners of appeal. In its absence we are powerless to afford relief.

The assessment at 254 Warren street will be reduced to $4,000 and the residue, viz., $4,000, will be transferred to 125 Mercer street and be added to the $500 already there assessed, and taxes will be levied and may be collected

accordingly.   The word "lessee" may be struck out of the Warren street assessment.

No costs will be awarded either party.