BAKER v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    June 24, 1898.)

EMINENT DOMAIN—DISTRIBUTION OF PROCEEDS—LIABILITY FOR TAXES.
    Where land which is subject to an easement and also to a lien for taxes is condemned for public purposes, and separate awards are made to the owner of the fee and the owner of the easement, the amount due for taxes is to be subtracted from the former award, for as between those two parties the owner of the fee is alone liable therefor.

Appeal from special term, New York county.

Action by John O. Baker against the mayor, aldermen, and commonalty of the city of New York.    From a judgment sustaining a demurrer to a separate defense, plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

Peter B. Olney, for appellant.
Charles E. Miller, for respondent.

INGRAHAM, J.    The action is brought to recover an award made by the commissioners for certain property taken by the city of New

York in a proceeding to acquire land for the purposes of the board of education in said city. The plaintiff was the owner of an easement in the property taken, and the commissioners awarded him, as the owner of such easement, the sum of $26,972, and such award was duly confirmed by the supreme court. The award not having been paid by the city of New York, this action was brought to recover it under the provisions of the consolidation act. The defendant admitted the making of the award, and its confirmation by the court, and as a defense alleged that as to certain lots designated by the commissioners in their report as lots Nos. 2, 4, 9, and 10, the commissioners awarded to unknown owners, as the value of the fee of the land described by such map numbers,—the sum of $4,403, and awarded to John O. Baker, the plaintiff, as the value of an easement to which said lots were subject appurtenant to property owned by him, the sum of $13,551. This defense further alleges that the award of $4,403 to unknown owners was for the naked or barren fee, said lands being subject to perpetual easements of light, air, and access in favor of the plaintiff; that the plaintiff has substantially in said lots Nos. 2, 4, 9, and 10, by reason of his said easements, the entire beneficial enjoyment thereof; and that on the date of the confirmation of the award the said lots were subject to certain taxes and assessments specified. And the defendant claimed either the right to deduct from the amount awarded to the plaintiff for such easements the aggregate sum of such taxes and assessments, or that such aggregate amount of taxes, assessments, and water rates should be charged pro rata against said award of $13,551 for said easements, and against the award to unknown owners for the value of the fee. Upon the confirmation of the commissioners' report the land described therein vested in the city for public use, and the indebtedness of the city to the owners of the land stood in place of the land. As between the city of New York and the owners of the land in its entirety, which of course would include the fee, and any easement to which the fee was subject, the land would be subject to the lien of the tax, and upon a sale by the city of New York to enforce the tax upon this property the right of the plaintiff to an easement in the land would be sold, as well as the fee of the land. The question to be determined here, however, is, as between the owner of the fee of land and one entitled to an easement in that land, upon whom rests the obligation to pay a tax imposed upon such land? By the consolidation act (Laws 1882, c. 410) the tax commissioners are directed to keep in their office books to be called the "Annual Record of the Assessed Valuation of Real and Personal Estate," in which shall be entered in detail the assessed valuations of such property within the city and county of New York (section 817), and section 818 provides that no tax or assessment thereof shall be void in consequence of the name of the rightful owner or owners of any real estate in said city not being inserted in the assessment rolls or lists, but that in such case no tax shall be collected except from the real estate so assessed. These taxes thus imposed upon real property are to be enforced by a sale of such real property; are assessed against the owner thereof, and are not as-

sessed upon an easement, mortgage, lien, or other lien or incumbrance thereon; and while one who purchases land at a tax sale must take all the easements and incidents attached or pertaining to the land, under the laws of this state a mere franchise or incorporeal hereditament of any kind is not taxable. Smith v. Mayor of New York, 68 N. Y. 555. Thus the plaintiff's interest in such land, being a mere incorporeal hereditament, was not and could not be assessed for taxation. While the plaintiff's interest in this land was property within the meaning of that term, and within the protection of the constitutional prohibition against the taking of property for private use without compensation, it was a right in the land taken, which was appurtenant to adjoining property owned by the plaintiff; and this right was acquired by a grant of the owner of the land taken, such right having passed to the plaintiff's grantor as appurtenant to his abutting land. An easement thus acquired is a right to use the land subject to the easement, to which right the fee of the land is subject. In the absence of an express covenant by which the grantee of such an easement is to be subject to charges upon the land, the owner of the land cannot require a person in whom is vested an easement to pay such charges. I suppose it would not be claimed that if land upon which such an easement was granted was subject to a mortgage, in the absence of a covenant to pay the mortgage, the owner of the land could compel the owner of the dominant estate to contribute to the payment thereof. And so a lien for taxes or other assessments to which the land becomes subject is not, as between the owner and the person in whom the easement is vested, payable by the owner of the easement. While, where an easement is created upon land already subject to a mortgage, a foreclosure of the mortgage would destroy the easement, where the owner of the easement is a party to the foreclosure proceedings, still the owner of the easement would not be liable, either to the mortgagee or to the owner of the land, for the payment of the mortgage. The grant of the easement subjects the fee of the land to the incumbrance of the easement. The right of the grantee of the easement is superior to that of the owner of the land, and the legal title in the land is subservient to the use of the land necessary to render the easement effective; and thus one entitled to an easement is not liable for the taxes imposed upon the real property. No case is cited by the learned counsel for the appellant where any court has held that, as between the owner of the fee and the owner of an easement, the latter is liable, either to the owner of the fee or to a third party, for any lien or incumbrance upon the property; and we see no reason upon principle why such a liability should be imposed. It follows that the owner of these easements is entitled to the value of the easements which were appropriated by the city of New York, without deduction for any charge or lien upon the land, and that the answer set up no defense.

The judgment is affirmed, with costs. All concur.