NEWARK AND HACKENSACK TRACTION COMPANY, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF NORTH ARLINGTON, IN THE COUNTY OF BURLINGTON ET AL.

Argued February 20, 1900—Decided June 11, 1900.

1. A mistake of an assessor in listing as personal, property described in terms showing it to be real estate, may be corrected even after the duplicate has been delivered to the collector.
2. An electric street railroad is real estate within the tax laws.
3. When it is sought, on *certiorari*, to set aside a warrant for sale of real estate for taxes on the ground that the prosecutor is a purchaser in good faith against whom, as such, the tax lien has been lost by failure to make timely return to the county clerk, and the proof of such *status* is not satisfactory, the writ should be dismissed and the prosecutor be left to his defence against a possible purchaser at the tax sale.

On *certiorari*.

Before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *Charles D. Thompson*.

For the defendants, *Addison Ely*.

The opinion of the court was delivered by

COLLINS, J.  The *certiorari* in this case brings before us a warrant issued by authority of the mayor and council of the borough of North Arlington, in the county of Bergen, on October 3d, 1899, commanding the collector of taxes of the borough to make sale of the electric railroad on Belleville and Kearney avenues, for taxes assessed on the same in the year 1897 against the Union Traction Company, then owner thereof.  The prosecutor acquired its title February 20th, 1899, by deed from William C. Giles and wife, stating the consideration at $1.  Giles acquired the title from William M. Johnson, master in chancery, by deed dated February 10th, 1899, given on foreclosure of mortgage, and stating the

consideration at $20,000. Both deeds purport to convey the railroad, together with the franchise, of the Union Traction Company.

The legality of the warrant is challenged on the ground that, although in the assessor's duplicate, produced in evidence, the valuation of the railroad on which the tax is reckoned appears in the column headed real estate, it was orginally entered in the column headed personal property, where there is now an erasure, and that, under *Gen. Stat., p.* 3425, *pl.* 645, the tax lien on personal property expires in one year from the date of the assessment. That the railroad is real estate cannot be questioned. *People, ex rel. Dunkirk and Fredonia Railroad Co.,* v. *Cassity,* 46 *N. Y.* 46; *People, ex rel. New York and Elmira Railroad Co.,* v. *Commissioners,* 82 *Id.* 459, and *People, ex rel. New York and Hudson River Railroad Co.,* v. *Commissioners,* 101 *Id.* 322; approved in this state, *Pipe Line Co.* v. *Berry,* 24 *Vroom* 212. The collector, in February, 1898, properly returned the tax to the county clerk as upon real estate. The original assessment has not been proved, and while, as observed in *State, Davison, pros.,* v. *Silvers,* 12 *Id.* 505, 506, the duplicate is often the only record of assessment—the theoretical tax-book being non-existent— we will not assume non-existence of, or a mistake in, the original assessment. But if there were a mistake, it should not avail to defeat the tax. I take it that if land is clearly described as such, but erroneously classed with personal property, a tax lien upon it, as land, nevertheless comes into existence. Under *Gen. Stat., p.* 3404, *pl.* 47, all irregularities, errors and defects may be amended even by the court upon *certiorari. Angle* v. *Lantz,* 24 *Vroom* 578; *Mayer* v. *Jersey City,* 32 *Id.* 473. The prosecutor's challenge of the legality of the tax and consequent warrant for its collection cannot be sustained.

But the prosecutor also claims that as against it the warrant cannot be enforced, because of the failure of the borough collector to make timely return to the county clerk of the tax as in arrear. Both the General Tax law (*Gen. Stat., p.* 3359, *pl.* 368) and the revised Borough act (*Pamph. L.* 1897, *p.* 307, § 45) make taxes a lien on real estate for two years from

the 20th day of December next after their assessment. By the general law (*Gen. Stat., p.* 3356, *pl.* 342, 343) it is made the duty of the collector, on or before the 1st day of February in each year, to make return to the county clerk, under oath or affirmation, in writing, of all unpaid taxes assessed the preceding year on real estate, and it is provided that in case such tax return shall not be so made, the tax shall cease to be a lien "as against a purchaser or mortgagee in good faith." In the case in hand the collector signed due return and made oath thereto on February 1st, 1898. He did not subscribe the oath, but the prosecutor's objection to that omission has no force, for in the absence of express statutory direction no oath need be subscribed by the affiant. *Hitsman* ads. *Garrard,* 1 *Harr.* 124. The return was not filed, however, until February 14th, 1898, and therefore the lien of the tax was lost as against a purchaser or mortgagee in good faith, whose right accrued after it was levied. The mortgage that was foreclosed antedated the levy; but a purchaser, at the sale or subsequently, might come within the protection of the statute. The burden of proof of *bona fides* is on the prosecutor. No evidence, beyond the deeds above mentioned, has been offered. The deed to the prosecutor recites only a nominal consideration, and the recital in the deed to Mr. Giles is not evidential as against the defendants. It may be that no new consideration passed to the master. It may be that Mr. Giles merely represented bondholders, who have become the stockholders in the new corporation. It was incumbent on the prosecutor to prove either that a new consideration passed from the purchaser—in which case, perhaps, the burden of proving notice of the tax would be on the defendants—or that the purchase was without notice of the tax. In *Knowles Loom Works* v. *Vacher,* 28 *Vroom* 490; *S. C.,* 30 *Id.* 586, where it was held that the consideration of a pre-existing debt was sufficient to make a purchase or mortgage *bona fide* as against an unrecorded conditional sale, it was nevertheless assumed that there must be lack of notice of such sale. To prove that the purchase was without notice of the tax is, in one sense, to prove a negative; but such is often the requirement of a party whose legal right depends

upon the non-existence of a fact.   *Turner* v. *Wells, 35 Vroom* 269.

It is not necessary to the prosecutor's protection that a cloud on its title should be removed.   The warrant was valid *per se.*   Sale under it will pass the title of the Union Traction Company, unless the lien has been now lost by lapse of time, but will be ineffectual as against Mr. Giles or the prosecutor if either be a purchaser in good faith.   In the unsatisfactory state of the proof before us, the prosecutor should be left to make his defence against a possible purchaser at the tax sale.

This *certiorari* will be dismissed, with costs.