## THE GRACE GIRDLER.

In an appeal in admiralty, where the record has failed to show that the sum necessary to give this court jurisdiction of such an appeal was in controversy below, the court, in a proper case, and where it is asserted by the appellant that such sum was really in controversy, will allow him a limited time to make proof of the fact.

APPEAL from the Circuit Court of the United States for the Southern District of New York.

This was a motion made by *Mr. Donohue* to dismiss an appeal from the Circuit Court of the Northern District of New York.

Lockwood, the appellant, with several others, had filed a joint libel against the schooner Grace Girdler, claiming damages occasioned by her collision with the schooner Ariel. The aggregate damages sustained by the libellants amounted, according to the libel, to $2754. The libel was dismissed in the District Court, and the dismissal was affirmed on appeal in the Circuit Court. None of the libellants appealed to this court except Lockwood; and while it was apparently obvious that as owner of the vessel much the greater part of the loss had fallen upon him, the record did not aver that the damage which he had suffered exceeded $2000; as a statute requires that it should be, in order to give the court jurisdiction.

It was stated, however, in a brief filed by the appellant, on the motion to dismiss, and stated also by the appellant's counsel at this bar, *Mr. Carlisle*, that while it had been supposed by the appellant that the fact that his damage did exceed $2000 might be sufficiently inferred by comparison of different parts of the record, yet that the fact would clearly appear by affidavits; and he therefore opposed the motion to dismiss.

The CHIEF JUSTICE delivered the opinion of the court.

While it is true that the greater part of the loss fell upon Lockwood as owner of the Ariel, and her belongings, there is nothing in the record which shows that the damage sustained exceeded two thousand dollars. And this is essential to jurisdiction.

It is suggested, however, that, in point of fact, his share of the loss exceeded the jurisdictional sum. And it is the practice of this court in proper cases,* when it is claimed that the value in controversy gives jurisdiction, to allow an opportunity to make proof of the fact. And in admiralty cases, where the pleadings may be amended, and new evidence taken in the appellate court, a liberal practice in relation to appeals is specially warranted.†

An order will be made, therefore, allowing the appellants to make proof of jurisdictional value, by affidavits, and to file such proof with the clerk of the court within twenty days; in default of which, the cause will stand dismissed.

### NOTE.

It subsequently appeared that the affidavits of value were actually on file at the time of the argument of the motion, though not before the court when the leave was given as above. The court thinking them sufficient, treated them on the discovery as if filed in pursuance of the leave. The motion to dismiss was therefore ultimately denied.

---

\* Rush *v.* Parker, 5 Cranch, 287; Ex parte Bradstreet, 7 Peters, 634; but see Richmond *v.* Milwaukee, 21 Howard, 391.

† Rice : M. and N. Railroad Co., 21 Howard, 85.