## JOSIAH H. LOMBARD

*v.*

## GWINTHLEAN H. KINZIE.

DOWER—*attaches to accretions.* The widow of a riparian owner is entitled to dower in the accretions to the land of which her husband was seized during coverture, whether they accrued whilst he owned the land or after he parted with the title.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. EDWARD S. BRAGG, for the appellant.

Messrs. DICKEY & CAULFIELD, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This is a claim of dower in an accretion to a piece of land formerly owned by Robert Kinzie, but sold and conveyed by his assignee in bankruptcy. The property is described and the facts of this case are given in the case of *Kinzie* v. *Winston*, 56 Ill. 56, and need not be presented in full in this case. It was there held, that the street marked on Kinzie's plat as "Sand street" remained his, in fee, until the city should appropriate it to the use of the public, which was never done; and that it, with the accretion then and since formed, passed by the conveyance of the assignee in bankruptcy to the purchaser; that the fee remained in Kinzie to that street and its accretions

until he was divested by the sale and conveyance by his assignee in bankruptcy.

That case settles the question that Kinzie was, during his marriage to appellee, seized of the fee to the premises in which dower is claimed by her in this case. That he held such a title to the street, as it existed at the time of the assignee's sale, as entitled appellee to be endowed therein, is not nor can it be disputed. He held the unconditional fee only subject to an easement, which was not asserted, and which he had the right to reduce to actual possession, liable, it may be, to vacate such possession, if required by the public, should the street become necessary. Had Kinzie then died, we presume no one will doubt that appellee could have been endowed of this land, and had one-third set off to her, subject to lose her right of possession, if the city had seen proper to accept the dedication.

But it is said that Kinzie had sold lots on this street, and that purchasers had acquired a right to its use, and he could not take possession and obstruct its use by them. We find no evidence of such sales, but, conceding they were made, such purchasers certainly could only on its vacation claim any right beyond the center, nor is it perceived how they could claim beyond that point, when the space never became a public street; and in this case there were no sales on the water front between what was designated as "Sand street" and the lake. So that, in any event, the purchasers acquired no controlling right to the half of the street fronting on the lake. That portion was free from all question of an easement by the adjacent purchasers. That portion, then, could be and was sold free from all incumbrances, because it was so held by Kinzie at the time, and it was so situated that, had Kinzie then died, appellee could have been endowed of that portion. In it she had a complete right of dower, only liable to be defeated by her release or her death before her husband. Her husband held the fee; they were married, and she never released her right, and has survived her husband, whereby her previous right initiate has become consummate.

Her right, then, being vested in the land as it was at the

time of the assignee's sale, the question arises, whether that right extended to the subsequent accretions. The title in fee gave the owner the right to the accretions as an incident to his title. Whether his title extended to the land under the water in the lake, subject to the use of the public, or whether his title only extended to the water's edge, and extended with the growth of the dry land, it is not now material to inquire, as all concede the ownership to the accretion is an incident to the fee in the adjacent dry land. When earth and gravel are thrown up by the action of the waters on the shore of the riparian owner, he, as an incident of his ownership in fee, acquires the fee to the accretion. The wife of the owner in fee in the same manner acquires the inchoate right to dower in such accretion. When formed, such accretions became subject, as an incident to the fee, to the same conditions, rights and burthens, as the principal to which it is an incident. Had it been leased, the lessee would have held the accretion precisely as he did the land to which it had accrued. Had the land been mortgaged, or under any other lien, subsequent accretions would have come under the same burthens and liens to which the land was subject before its formation. In this, as in all other cases, the incidents must follow and be subject to the nature and condition of their principals. Hence, in this case, the land sold by the assignee was subject to appellee's dower. It was, then, a fixed right inhering to the land, and, as a consequence, that right attached to the accretion precisely as it did to the land to which it accrued. Had Kinzie died at the time of the sale, and the land designated on the plat as "Sand street" been assigned to appellee as dower, no one would doubt that subsequent accretions to it would have been held by her precisely as the portion assigned to her, although the fee would have been in the purchaser. So, here, the right vested in her, and the possession under the right, was only delayed until her husband's death.

It is, however, urged, that a woman can not be endowed of a mere possibility. This is true when applied to the mere possibility of the husband's acquiring a title to premises which

is not vested in his lifetime, or whilst he holds the mere possibility. But that is altogether a different case from this. There, there is only a mere possibility that the husband may acquire a title, which is never consummated. Here, the husband was vested with a title in fee, to which appellee's inchoate right to dower attached, and, as an incident to the husband's title and the wife's right of dower, all subsequent accretions became a part of the original tract, the fee vesting in him or his assigns, the right, subject to her being endowed therein, vesting in the wife. The fee or the right to dower was not contingent or merely possible, but were vested. The question whether there would be any future accretions to these vested rights was contingent, and apparently merely possible. We do not understand that the law has ever been that the mere contingent accretion to or growth on the land in which a woman has dower, must be excluded from the assignment in awarding her dower. If so, she would be excluded from the use of trees, which, by their growth after the assignment of her dower, had become timber, proper for necessary repairs, or from using growing trees for necessary fuel, or peat which had grown in the bog, because of their growth after her dower was assigned. And the same would be true of the hay of a meadow, or the fruit of an orchard allotted her as dower, because it may be said it is contingent whether the trees, the peat, the hay or the fruit will grow, and if they by possibility should, they must inure to the owner of the inheritance and not to the dowress.

The accretion, then, was an incident to the land, as owned by Kinzie, and as his wife's right of dower attached to the land whilst he was the owner, it, at the same time, attached to the incident, and it was not divested by the assignee's sale, and the purchaser took title to the accretion subject to the wife's dower, when her right should become consummate.

For these reasons the decree of the court below must be affirmed.

*Decree affirmed.*