## FRANCIS H. COBB

*v.*

## FRANCIS LAVALLE.

1. EJECTMENT—*plaintiff must recover on the strength of his own title.* In ejectment, the plaintiff must recover, if at all, on the strength of his own title, and not upon the weakness of that of his adversary. The plaintiff must show title although the defendant in possession has no paper title.

2. SAME—*outstanding title or right of possession.* A defendant in ejectment has the right to show title out of the plaintiff, or a right of possession in a third person, and thus defeat a recovery.

3. SAME—*outstanding title by lease.* A lease of land for ninety-nine years, under seal, and acknowledged and recorded in the same manner as deeds are required to be, may be shown in evidence by a defendant in ejectment, though he does not connect himself with it, and thus defeat the action brought by the lessor.

4. SAME—*plaintiff must have the right of possession.* A plaintiff in ejectment can not recover, though he has title, when the legal right to the possession is in another. A lessor of lands can not recover the demised premises during the term, or while the lessee has the right of possession under the lease, even against one not claiming under the lease.

5. LANDLORD AND TENANT—*tenant takes accretions.* A lessee of land bordering on a stream not navigable at common law, is entitled to the accretions thereto caused by the receding of the stream, or a change in its current, during his term, even though the bank of the stream is named as a boundary of the demised premises. Such accretions will attach to and form a part of the grant, the same as under a deed of conveyance.

6. ACCRETIONS—*subject to same liens, etc., as the original land.* Where land on a navigable river is leased, mortgaged, or subject to any other lien, subsequent accretions thereto will come under the same burdens and liens attaching to the land as originally existing.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Mr. GUSTAVUS KŒRNER, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This action was brought to recover a portion of survey 759 of Cahokia Commons, which is situated between Old Cahokia creek and the Mississippi river, in St. Clair county.

On the trial of the cause it was proven, by the defendant, that in 1858 the plaintiff subdivided and platted the premises into lots of different sizes, and on the second day of July, 1860, the various lots were leased by a written indenture or lease, under seal, to divers individuals for a term of ninety-nine years. The leases were executed by Francis Lavalle, supervisor of Cahokia Commons, under and by virtue of an act of the General Assembly of the State of Illinois, entitled "An act to amend an act entitled ' an act to authorize the supervisor of the village of Cahokia to lease part of the commons appertaining to said village,' approved the 18th of February, A. D. 1857." The defendant did not connect himself with these leases, but they were offered for the purpose of proving that the right of possession was not in the plaintiff,—in other words, to establish an outstanding title. It is, however, insisted by the plaintiff, that the defendant, being a mere intruder without title, can not rely upon on outstanding title.

Where an action of ejectment is brought to recover possession of lands, the plaintiff in the action must rely upon the strength of his own title, and not upon the weakness of that of his adversary ; and as we understand the law, if a defendant in possession has no paper title, still, before a recovery can be had, plaintiff must show title to the premises. If this be true, although the defendant did not have paper title to the land, he had the undoubted right to show title out of the plaintiff—the plaintiff could only recover on condition that he had title, and if the defendant was able to show that the title was in a third person, this of course would prove that plaintiff had no title and hence defeat a recovery.

But, it is said, by counsel for the plaintiff, that a lease is not an outstanding title. The lease in question is under seal; it was executed and acknowledged before an officer authorized to take acknowledgments of deeds, in the same manner that deeds were required to be acknowledged; it was recorded in the recorder's office of the county in which the lands were situated.

The language of the lease is peculiar. It declares, " in consideration of the payment of the rent and the performance of the covenants hereinafter mentioned, on the part of the said party of the second part, his executors, administrators and assigns, to be paid and performed, hath demised, granted, and to farm let, and by these presents doth demise, grant, and to farm let, unto the said party of the second part, (then follows the description of the premises, and following that are these words,) to have and to hold the said piece or parcel of ground unto the said party of the second part, his executors, administrators and assigns, from the day of the date of these presents, for, and during, and until the full end and term of ninety-nine years from thence next ensuing." This instrument of writing contains a grantor and grantee, a consideration, and is acknowledged, and transfers the right of possession in and to the property for ninety-nine years, as conclusively as a deed absolute upon its face could do.

The right of possession having been transferred by this instrument to the lessee therein, under what authority could the plaintiff maintain ejectment? In Adams on Ejectment, page 34, it is said, " The claimant must also have a right to the possession—that is to say, he must have a right of entry upon the lands at the time of the demise in the declaration; and whatever takes away this right of entry or possession, and turns the same into a right of action, will also deprive the claimant of his remedy by ejectment, although the legal title still remains in him." In Taylor's Landlord and Tenant, it is said, the tenant's right of possession becomes complete on the day fixed by the agreement for the commencement of the term, and when that day arrives he is entitled to the possession of the

premises in the same condition they were on the day of the demise. If possession is withheld he may maintain an action of ejectment against either the landlord or a stranger who wrongfully withholds the possession. In *Gazzolo* v. *Chambers*, 73 Ill. 75, where certain premises were leased by the owner to a tenant, and the tenant was unable to obtain possession on account of a former tenant holding over after his term expired, it was held, that the right of possession was alone in the lessee, and he must bring the action. See also, *City of Cincinnati* v. *The Lessee of White*, 6 Wall. 441. From these authorities it appears that the right of possession at the time the action was brought was not in the plaintiff, but in his lessee. This being the case, we perceive no ground upon which the action could be maintained in his name.

When survey 759 was laid off into lots and platted, in 1860, it appears that the western boundary of the lots was the bank of the Mississippi river. Since the land was divided into lots and leased, the river has receded and the land involved in this action is an accretion to survey 759. Under these circumstances it is contended, in behalf of appellee, that the leases do not cover the accretions, but plaintiff, who is entitled to the fee, has the right to the possession of such accretions.

It seems to be the settled law of the country, that the owner of land bordering upon a river not navigable at common law, such as the Mississippi river, will be entitled to claim to the center of the current of the stream. This doctrine was settled in this State in an early day, in the case of *Middleton* v. *Pritchard*, 3 Scam. 570, and it has been followed in many cases, and see *Braxon* v. *Bressler*, 64 Ill. 488, and *The Chicago and Pacific Railroad Co.* v. *Stein*, 75 Ill. 41. There can, therefore, be no dispute that these lots which had their western boundary upon the Mississippi river, would be liable to losses in case the river should wash away a part of the lots bordering thereon; at the same time the lot owners would be protected in alluvion caused by the river receding or changing its current.

The point is however made, that the lessees were not entitled to claim the accretions, and importance is attached to the fact that in the lease the western boundary of the lots is described as the present bank of the Mississippi river. Suppose the lease had read, the bank of the river instead of "present bank," the meaning would have been the same. No doubt the lessees intended to obtain a river front. If such was the object in obtaining it then, it would now be manifestly unjust to the lessees to hold, for the reason that the river had receded, that the landlord could come in and deprive them of the very object and purpose for which they may have leased the land.

We think it but right to hold, where the owner of the fee leases a farm or other property fronting upon a river, and by action of the water accretions are added to the property, that the lessee should be entitled to hold such accretions as a part and parcel of the property leased. The accretions are a part and parcel of the property, and no reason is perceived why they should not pass under a lease as well as a deed.

But the question is not, however, entirely new in this court. In *Lombard* v. *Kinzie*, 73 Ill. 446, the question arose whether the widow of a riparian owner was entitled to dower in the accretions to land which had accrued after the husband had parted with the land; it was there held, she was entitled to dower in such accretions, and the court said, when earth and gravel are thrown up by the action of the waters on the shore of the riparian owner, he, as an incident of ownership in fee, acquires the fee to the accretion. The wife of the owner in fee in the same manner acquires the inchoate right to dower in such accretions. When formed, such accretions become subject, as an incident to the fee, to the same conditions, rights and burdens as the principal to which it is an incident. Had it been leased, the lessee would have held the accretion precisely as he did the land to which it had accrued. Had the land been mortgaged, or under any other lien, subsequent accretions would have come under the same burdens and liens to which the land was subject before its formation. The case

cited is broad enough to control the question here involved. Indeed, we perceive no reason why the lessees should not be entitled, under the lease, to hold the accretions, and if they are, of course the plaintiff could not recover.

The judgment will have to be reversed and the cause remanded.

*Judgment reversed.*