JOHN W. HARPER, Appellant, v. WILLIAM H. WILLIAMS et al., Respondents.

Plaintiff is the owner of a dock on Long Island Sound, built under a grant from the commissioners of the land office of this state, which recites that it is made " for the purpose of promoting the commerce of our said state and for no other object or purpose whatsoever, and with the reservations and upon the conditions hereinafter mentioned." The grant was of "power and authority to erect any dock or docks that shall be necessary to promote the commerce" of the state upon the land under water described in the grant, and "authority to collect from persons using such dock or docks reasonable and accustomed dockage to be regulated by our legislature." After the dock was built a highway was laid out leading to it. Defendants used said dock without plaintiff's permission as a landing place for their steamboat, repeatedly landing there on Sunday against plaintiff's prohibition, and threatened to do so in future. *Held*, that an action to restrain the defendants, by injunction, from making landings at said dock could not be maintained; that the only right plaintiff obtained by the letters-patent was to make a wharf or dock, not for private but for the public use, with authority to collect from persons using it reasonable and accustomed dockage as regulated by the legislature; that all persons engaged in promoting the commerce of the state were entitled to use the dock, subject to such right of the plaintiff.

(Argued June 8, 1888; decided October 2,. 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 15, 1885, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to restrain defendants from using plaintiff's dock.

The plaintiff resides at Sands Point, on Long Island Sound, having a dock extending below low-water mark and in front of his property, built under a grant made by the commissioners of the land office of this state to one White, the plaintiff's grantor, in these words:

'*The People of the State of New York by the Grace of God, Free and Independent.*

To all to whom these presents shall come GREETING:

Know ye: That pursuant to a resolution of the commis-

sioners of our land office for the purpose of promoting the commerce of our said state, and for no other object or purpose whatsoever, and with the reservations and upon the conditions hereinafter mentioned, we have given, and by these presents do give, unto Charles B. White, the power and authority to erect any dock or docks that shall be necessary to promote the commerce of our said state, upon the land, under water, hereinafter described, and the authority to collect from persons using such dock or docks reasonable and accustomed dock-age, to be regulated by our legislature, to wit: All that certain piece or parcel of land, under water, situate in the town of North Hempstead, in our county of Queens, bounded and described as follows, to wit: Beginning at a point on the beach at the line of high-water mark, distant north twenty-two and three-quarter degrees; west two chains and fifty links from the division line on the beach, between the said Charles B. White and Richard O'Gorman, and running thence south fifty-eight and one-quarter degrees, west three hundred feet; thence northerly and on a line at right angles with the last-mentioned course, one hundred feet, and thence northerly fifty-eight and one-quarter degrees, east three hundred feet to high-water mark, and thence southerly and along high-water mark one hundred feet to the place of beginning. Excepting and reserving to all and every the said People the full and free right, liberty and privilege of entering upon and using all and every part of the above-described premises, in as ample a manner as they might have done had this power and authority not been given, until the same shall have been actually appropriated and applied to the purpose of commerce, by erecting a dock or docks thereon.

And these presents are upon the express condition that if said Charles B. White, his heirs or assigns, shall not, within five years from the date hereof, actually appropriate and apply the above-described premises to the purposes of commerce by erecting a dock or docks thereon and filling in the same, then these presents, and everything herein contained, shall cease, determine and become void.

In testimony whereof, we have caused these, our letters, to be made patent and the great seal of our said state to be hereunto affixed.

Witness: Horatio Seymour, Governor of our state, at our city of Albany, the seventh day of April, in the year of our Lord one thousand eight hundred and fifty-three.

(Signed)        HORATIO SEYMOUR "

Afterwards a public street or highway was laid out through the upland adjacent to the lands described in the letters-patent, leading down to said dock or wharf, and to high-water mark on each side thereof. By permission of the plaintiff a certain steamboat, owned by one " W.," made regular trips from New York to the dock, and on and from the 30th day of May, 1884, to the commencemet of this action, the defendants in this case, without plaintiff's permission, used the dock as a landing place for another steamboat named the John Sylvester, and against the prohibition of the plaintiff repeatedly landed there on Sundays, and, as the complaint alleges, threatened to do so in future.

*S. P. Nash* and *Thomas S. Moore* for appellant. Charles B. White, who at the date of the grant, April 7, 1853, was the owner of the upland, was also entitled to the possession, as against all private persons, of the land between high and low-water mark, and had, subject only to interference by the state, the right to build and maintain a private dock for his own use and convenience. (*Wetmore* v. *Atlantic White Lead Co.*, 37 Barb. 70; 42 N. Y. 393; *Yates* v. *Milwaukee*, 10 Wall. 497; *Blundell* v. *Catterall*, 5 B. & Ald. 268; *Emans* v. *Turnbull*, 2 Johns. 313; *Ball* v. *Herbert*, 3 T. R. 253; *Cortelyou* v. *Van Brundt*, 2 Johns. 357; *Mulry* v. *Norton*, 100 N. Y. 424, 437; *Buccleuch* v. *Met. Board of Works*, L. R., 5 H. L. 418; *Lyon* v. *Fishmongers' Co.*, L. R., 1 App. Cas. 662; *Smith* v. *City of Rochester*, 92 N. Y. 463; *Gould* v. *Hudson R. R. R. Co.*, 2 Seld. 522; *Van Dolsen* v. *City of New York*, 17 Fed. Rep. 817; *Wetmore* v. *Brooklyn Gas-Light Co.*, 42 N. Y. 384; 1 Kent & R. R. L. 299, 300, § 11; 1 R. L. of

1813, 293, § 4; Laws of 1835, chap. 232; Laws of 1850, chap. 283.) The court below erred in so construing the grant to plaintiff's predecessor as to make the dock built and maintained by plaintiff a public dock. (*Smith* v. *City of Rochester*, 92 N. Y. 467, 468, 483; *Wetmore* v. *Brooklyn Gas-Light Co.*, 42 id. 384; *People* v. *N. Y. & S. I. Ferry Co.*, 68 id. 71, 79, 80; *In re N. Y. C. R. R. Co.*, 77 id. 248, 258.) Although plaintiff had a remedy at law for the trespass, yet, as the trespass was of a continuous nature, he had a right to come into a court of equity and to invoke its restraining power to prevent a multiplicity of suits. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97, 111; *Meyer* v. *Phillips*, 97 id. 485, 491.) The objection to equitable relief ought to be taken by answer. (*T. & B. R. R. Co.* v. *B. H. T. & W. R. Co.*, 86 N. Y. 107, 123; *Cumming* v. *Mayor, etc.*, 11 Paige, 596, 602.)

*William H. Gibson* and *William Clarke Roe* for respondents. To warrant an injunction in such case there must be different persons assailing the same right, and the principles upon which the relief is granted have no application to a repetition of the same trespass by one and the same person, such case being susceptible of complete compensation in damages. (High on Injunctions, § 700; *Hatcher* v. *Hamton*, 7 Geo. 50.) A mere trespass is not sufficient ground for an injunction. (*Gentil* v. *Arnaud*, 38 How. 94; *Gentil* v. *Arnaud & Girandy*, 1 Swee. 641; *Marshall* v. *Peters*, 12 How. 218; *Sixth Ave. R. R. Co.* v. *Kerr*, 28 id. 382; affirming 45 Barb. 138; *Livingstone* v. *Livingstone*, 6 Johns. Ch. 497; *Jerome* v. *Ross*, 7 id. 315; *Murray* v. *Knapp*, 42 How. 462; *Balcom* v. *Julien*, 22 id. 349; *Hart* v. *Harvey*, 19 id. 245; *Bruce* v. *D. & H. C. Co.*, 19 Barb. 371, 378; *Davidson* v. *Floyd*, 15 Fla. 667; *Banks* v. *Busey*, 34 Md. 437; *Bonlo* v. *New Orleans, etc., R. R. Co.*, 55 Ala. 480.) Where an injunction is necessary to prevent a party from oppressive and vexatious litigation, the court only acts after the controverted right has been determined in a previous action at law. (*Griffin* v. *Winne*, 4 Week. Dig. 429; *Wallack*

v. *Mayor, etc.*, 3 id. 411; *Hart* v. *Mayor, etc.*, 3 Paige, 213; *Almstead* v. *Loomis*, 6 Barb. 152; *T. & B. R. R. Co.* v. *B. H. T. & W. R. R. Co.*, 86 N. Y. 107, 128; *Savage* v. *Allen*, 54 id. 458.) Irreparable injury must be alleged and proven. (High on Injunctions, § 701; *Jerome* v. *Ross*, 7 Johns. Ch. 315; *Thorn* v. *Sweeney*, 12 Nev. 251; *Sixth Ave. R. R. Co.* v. *Kerr*, 28 How. 382; affirming 45 Barb. 138; 59 id. 190; *N. Y. Dyeing Establishment* v. *Fitch*, 1 Paige, 97.) The interposition of the equitable powers of the court rests upon the principle of a clear and certain right to the enjoyment of the subject in question, and it must be in a case of strong and imperious necessity, or the right must have been previously established in law. (*Almstead* v. *Loomis*, 6 Barb. 164, 165; *Hart* v. *Mayor, etc.*, 3 Paige, 213; *McHenry* v. *Jewett*, 16 Week. Dig. 295; *N. Y. Dyeing and Printing Co.* v. *Fitch*, 1 Paige, 98; 6 Johns. Ch. 46; High on Injunctions, §§ 23, 34, 35; *Smallman* v. *Onions*, 3 Brown's Ch. 263; *McMilan* v. *Ferrell*, 1 W. Va. 223; *Wilson* v. *City of Mineral Point*, 39 Wis. 160; *Murphy* v. *Harrison*, 29 Ark. 340; *Erkenbrecher* v. *Cincinnati*, 1 Cin. [Ohio] 368.) The grant from the state operated as a license to erect wharves and piers upon the land granted, which is subordinate to the paramount right of the public. (Laws 1835, chap. 282 [Banks' Bros. R. S., 7th ed., vol. 1, 574]; *Gould* v. *H. R. R. R. Co.*, 6 N. Y. 549; *Mayor, etc.*, v. *Hart*, 95 id. 454; *People* v. *Staten I. Ferry Co.*, 68 id. 71; *Langdon* v. *Mayor, etc.*, 93 id. 143–149; *Smith* v. *City of Rochester*, 92 id. 483; *People* v. *Vanderbilt*, 26 id. 287.) The navigable waters of this state are public highways. (*Hoeft* v. *Seaman*, 38 N. Y. Supr. Ct. [J. & S.] 66; *Empire State* v. *Russell*, 1 Newberry Admiralty, 551; 8 Tenn. 606; *Almutt* v. *Myles Preus*, 12 East, 527; *Wiswall* v. *Hall*, 3 Paige Ch. 318; *People* v. *Utica Ins. Co.*, 15 Johns. Ch. 358.) The grant is for the promotion of the commerce of the state. (*Smith* v. *Turner*, 7 How. [U. S.] 401; *Steamboat Co.* v. *Livingstone*, 3 Cow. 713; *People* v. *Raymond*, 34 Cal. 492; *Gibbons* v. *Ogden*, 9 Wheat. 1; *Smeatt* v. *Boston R. R. Co.*, 3 Cliff. 339; 95 U. S. [5 Otto] 465; *W. U. Tel.*

*Co.* v. *A. & P. Tel. Co.*, 5 Nev. 102; *People* v. *Staten I. Ferry Co.*, 68 N. Y. 77, 78, 79; 92 id. 483; 38 N. Y. Supr. Ct. [J. & S.] 66; *Wiswall* v. *Hall*, 3 Paige Ch. 318.)

DANFORTH, J.  The question raised by this appeal is to be answered according to the true construction of the letters patent above set out; and, speaking from the face of the grant, it would seem impossible to hold that the plaintiff or his grantor acquired any other right than to make a wharf or dock for the use of the public, subject to such rules and regulations as the legislature might see proper to impose, with authority to collect from persons using it, reasonable and accustomed dockage, as also regulated by that body.  Such is its language.  The consideration of the grant is the erection of a dock, not for private use according to the views or interest of the grantee as an individual, but such dock as " shall be necessary to promote the commerce of the state," and upon a compensation " from persons using it," not fixed at the whim or by the caprice or pleasure of the grantee, but by the legislature.  As the object of the act is public and coextensive with the state, it must follow that all may use the thing granted who are engaged in promoting that object; and as the use of the thing alone raises the right to compensation, it cannot be made to depend upon the selection by the grantee either of the time of using or of the persons who shall use the dock or wharf.  These things are as independent of his control as are the winds and tides upon whose favorable condition an easy access to the dock may, at times, depend.

The plaintiff puts his right to maintain the dock upon the letters quoted, and that right seems to us inconsistent with an individual control, which, if now tolerated, would permit him to substitute his own pleasure for the public interest and devote a dock which came into existence because " necessary to promote the commerce of the state," to such domestic business or other uses as his views of individual interest or profit might suggest.  The incongruity of such a conclusion with

the purpose declared by the state, through its commissioners, is scarcely lessened by the assertion of the plaintiff " that the dock in question did subserve the interests of commerce, though its use was limited to the needs of the immediate neighborhood." The grant provides for the whole state, and not the traffic of a single neighborhood.

We find nothing in the cases cited by the learned counsel for the appellant which permits a different conclusion from that expressed by the judgment of which he complains, for in none of them are the facts at all like those involved in this case. An analysis of or special comment upon them is, therefore, unnecessary. Neither is it necessary to determine whether the action was, in any view, one for equitable cognizance. That question does not appear to have been raised upon the trial, and our decision upon the merits renders it unimportant.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.