FANNY M. BEDLOW, Respondent, *v.* SARAH A. STILLWELL, Appellant, Impleaded with HENRY BEDLOW et al.

DOWER IN PIER.    A pier erected under and in pursuance of--a statute and by the permission of the city, constituting a right to use and maintain the pier in perpetuity, upon land under water belonging to the state, for the use of and attached to a wharf on the upland appurtenant to the fee of the adjacent street, in the original city of New York, is real property and therefore subject to the dower right of the widow of the owner of the fee of the street and wharf to which the pier is attached.
    *Bedlow* v. *Stillwell*, 91 Hun, 384, affirmed.

(Argued January 27, 1899; decided February 28, 1899.)

APPEAL from a judgment of the late General Term of the Supreme Court in the first judicial department, entered December 24, 1895, affirming an interlocutory and a final judgment in favor of plaintiff, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George W. Stephens* for appellant. The only land in which plaintiff claims dower is a public street, and such land is not subject to dower. (Gerard's City Water Rights, 143 ; Park on Dower, 115 ; 1 Washb. on Real Prop. [5th ed.] 279 ; Stewart on Husb. & Wife, § 245 ; *Moore* v. *Mayor, etc.*, 8 N. Y. 114 ; *Noel* v. *Ewing*, 9 Ind. 48 ; Tyler on Inf. & Cov. 577, § 400 ; *Price* v. *Price*, 54 Hun, 349 ; *Conner* v. *Shepherd*, 15 Mass. 164 ; *Webb* v. *Townsend*, 1 Pick. 20 ; *Coates* v. *Cheever*, 1 Cow. 460 ; *Stoughton* v. *Leigh*, 1 Taunt. 402 ; *Connolly* v. *Newton*, 85 Hun, 553 ; *Giles* v. *Gullian*, 13 Ind. 487 ; *Strong* v. *Clem*, 12 Ind. 37.) Land used as a public street cannot be divided and cannot be sold. (Peloubet's Leg. Max. 150 ; Morgan's Leg. Max. 140 ; Broom's Leg. Max. 252.) The city of New York has acquired by condemnation and now owns, in fee simple, a part of the land described in the complaint and in the Turner-Lincoln deed. (L. 1813, ch. 86 ;

*Moore* v. *Mayor, etc.*, 8 N. Y. 110.) The land under the piers in the East river belongs either to the state of New York or the city of New York. (Angell on Tide Waters, 241, 242; *Whitney* v. *Mayor*, 6 Abb. [N. C.] 329; *Mayor, etc.*, v. *Scott*, 1 Caines, 544; *Walsh* v. *N. Y. F. D. D. Co.*, 77 N. Y. 448; *Thompson* v. *Mayor, etc.*, 11 N. Y. 115; *Sage* v. *Mayor, etc.*, 154 N. Y. 70; *Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 274; *Mayor, etc.* v. *Hart*, 95 N. Y. 443; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129; *Furman* v. *Mayor, etc.*, 10 N. Y. 567; *Gould* v. *H. R. R. R. Co.*, 6 N. Y. 523.) The owners of the land mentioned in the complaint never had any preemptive or prescriptive rights. (*Mayor, etc.*, v. *Hart*, 95 N. Y. 443; *Towle* v. *Remsen*, 70 N. Y. 303; *Thompson* v. *Mayor, etc.*, 11 N. Y. 115; *Nott* v. *Thayer*, 2 Bosw. 25; *Furman* v. *Mayor, etc.*, 5 Sandf. 16; *Sage* v. *Mayor, etc.*, 154 N. Y. 74.) Pier 49, if constructed under any authority, was constructed and is maintained under a gratuitous license. (*Kingsland* v. *Mayor, etc.*, 110 N. Y. 569; *People* v. *B. & O. R. R. Co.*, 117 N. Y. 150; *Mayor, etc.*, v. *N. Y. C. & H. R. R. R. Co.*, 69 Hun, 324; *Langdon* v. *Mayor, etc.*, 133 N. Y. 628; *Haldeman* v. *Penn. R. Co.*, 50 Penn. St. 425; *Matter of State Reser.*, 16 Abb. [N. C.] 183; *I. C. R. Co.* v. *Ill.*, 146 U. S. 387.) Said permit was revocable at the pleasure of the state or the city. (2 Washb. on Real Prop. 316; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; 3 Kent's Com. 452; Dillon on Mun. Corp. §§ 68, 103; Gerard on Titles [3d ed.], 757; *White* v. *M. R. Co.*, 139 N. Y. 19; *Taylor* v. *Millard*, 118 N. Y. 250; *Duryee* v. *Mayor, etc.*, 96 N. Y. 477; *Olmsted* v. *Dennis*, 77 N. Y. 378; *Sweeney* v. *St. John*, 28 Hun, 634; *Murdock* v. *P. P., etc., R. R. Co.*, 73 N. Y. 79; *Wolfe* v. *Frost*, 4 Sandf. Ch. 100; 2 Am. Lead. Cas. 519.) Said permit conferred only a personal privilege to the licensees therein mentioned, and was neither assignable nor inheritable. (Gerard on Titles [3d ed.], 757; *Mendenhall* v. *Klinck*, 51 N. Y. 246; *B. C. R. R. Co.* v. *B. C. R. R. Co.*, 51 Hun, 600; *Winne* v. *U. C. S. Inst.*, 37 Hun, 349; *Sweeney* v. *St. John*, 28 N. Y. 634; *Miller* v. *A. & S. R. R. Co.*, 6 Hill, 61; *De Haro* v. *U. S.*, 5 Wall. [U. S.]

599; *Selden* v. *D. & H. C. Co.*, 29 N. Y. 639; *Troy, etc.*, v. *Corning*, 14 How. [U. S.] 193; *Crosdale* v. *Lanigan*, 129 N. Y. 610; *N. Y. C. & H. R. R. R. Co.* v. *Rochester*, 127 N. Y. 591.) The permit created no interest or estate in land. (Gerard on Titles [3d ed.], 756; *White* v. *M. R. Co.*, 139 N. Y. 19; *Cronkhite* v. *Cronkhite*, 94 N. Y. 323; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; *Olmsted* v. *Dennis*, 77 N. Y. 378; *Mendenhall* v. *Klinck*, 51 N. Y. 246; *Winne* v. *U. C. S. Inst.*, 37 Hun, 349; *De Haro* v. *U. S.*, 5 Wall. [U. S.] 599; *Selden* v. *D. & H. C. Co.*, 29 N. Y. 639.) No interest in the land under the pier has been acquired by adverse possession. (Gerard on Titles [3d ed.], 757; *White* v. *M. R. Co.*, 139 N. Y. 19; *Cronkhite* v. *Cronkhite*, 94 N. Y. 323; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; *White* v. *Sheldon*, 35 Hun, 193.) The right to maintain a wharf or pier is not dependent upon any interest in real property. (*Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 273.) The right to build and maintain a wharf or pier upon another's land is not an easement, but is a profit *à prendre*, which is not an interest in land. (*S. W. Co.* v. *Syracuse*, 116 N. Y. 167; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129; *Halstead* v. *Mayor, etc.*, 3 N. Y. 430; *Selden* v. *D. & H. C. Co.*, 29 N. Y. 634; *Orphan Asylum* v. *City of Troy*, 76 N. Y. 108; *Sanger* v. *Merritt*, 120 N. Y. 109; *Mayor, etc.*, v. *N. Y. C. & H. R. R R. Co.*, 69 Hun, 324.) The right to maintain the pier, and all rights incidental thereto, are independent of, and not appurtenant to, any real property. (*Woodhull* v. *Rosenthal*, 61 N. Y. 382; *Root* v. *Wadhams*, 107 N. Y. 394; *Griffiths* v. *Morrison*, 106 N. Y. 165; *Humphreys* v. *McKissock*, 140 U. S. 304; *Grant* v. *Chase*, 9 Am. Dec. 161; *Ogden* v. *Jennings*, 62 N. Y. 526; *Green* v. *Collins*, 86 N. Y. 246; *King* v. *Mayor, etc.*, 102 N. Y. 171.) The pier is a chattel and not real estate. (*Burke* v. *Nichols*, 1 Abb. App. Cas. 264; *Van Ness* v. *Pickard*, 2 Pet. 137.) The right to maintain a wharf or pier is a franchise. (*Ex parte Easton*, 95 U. S. 73; *Flandreau* v. *Elsworth*, 151 N. Y. 477; *Walsh* v. *N. Y. F. D. D. Co.*, 77 N. Y. 448; *Langdon* v. *Mayor*, 6 Abb. [N. C.] 314, 326; *Wiswall* v. *Hall*, 3

Paige, 313.)   The pier franchise is not an estate of inheritance, but is an estate at will or by sufferance.   (*Mayor, etc., v. N. Y. C. & H. R. R. R. Co.*, 69 Hun, 324 ; *C. R. Bridge* v. *Warren Bridge*, 11 Pet. 446 ; *Kingsland* v. *Mayor, etc.*, 110 N. Y. 569 ; *Burns* v. *Bryant*, 31 N. Y. 453 ; *Harris* v. *Frink*, 49 N. Y. 24 ; *Jackson* v. *Bryan*, 1 Johns. 322 ; *Post* v. *Post*, 14 Barb. 253 ; *Jackson* v. *Bradt*, 2 Caines, 169; *Herrel* v. *Sizeland*, 81 Ill. 457.)   There is no dower right in a franchise to maintain a wharf or pier.   (*Kingman* v. *Sparrow*, 12 Barb. 201 ; *Taylor* v. *Beebe*, 3 Robt. 262 ; *Comrs.* v. *Clark*, 33 N. Y. 251 ; *Stoughton* v. *Leigh*, 1 Taunt. 402.)   Plaintiff's husband never had possession, or right of possession, of the land in which dower is claimed, and was never seized thereof.   (*Gwymae* v. *Cincinnati*, 17 Am. Dec. 576 ; *Taylor* v. *Beebe*, 3 Robt. 262 ; *Durando* v. *Durando*, 23 N. Y. 331 ; *Mayor, etc., v. N. Y. C. & H. R. R. R. Co.*, 69 Hun, 324; *Parker* v. *Packing Co.*, 5 L. R. A. 61 ; *Comrs.* v. *Clark*, 33 N. Y. 251.)

*George B. Covington*, for respondent.   The decision in *Bedlow* v. *Dry Dock Company* (112 N. Y. 263) has practically decided the main question raised upon this appeal and has clearly defined the rights of plaintiff's husband under the Rutgers grant.   ( *Williams* v. *Mayor, etc.*, 105 N. Y. 419 ; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129 ; *Kingsland* v. *Mayor, etc.*, 110 N. Y. 569.)   The right to collect the wharfage at the end of the Rutgers grant is a right appurtenant and appendant to the grant of the fee.   ( *Yates* v. *Milwaukee*, 10 Wall. 497 ; *St. Louis* v. *Rutz*, 138 U. S. 246; *Rumsey* v. *N. Y. & N. E. R. R. Co.*, 133 N. Y. 79 ; *Saunders* v. *N. Y. C. & H. R. R. R. Co.*, 144 N. Y. 75 ; *Sage* v. *Mayor, etc.*, 154 N. Y. 61; *Angell* on Tide Waters, 22, 64 ; *Bowman* v. *Nathen*, 2 McL. 376 ; *Ledyard* v. *Ten Eyck*, 36 Barb. 102 ; *Wiswall* v. *Hall*, 3 Paige, 318 ; *Lithicum* v. *Roy*, 9 Wall. 243 ; *Ogden* v. *Jennings*, 62 N. Y. 526.)   Pier 49, East river, was constructed upon an easement appurtenant to the fee, is a part of the fee, and, therefore, land within the meaning of the statutes in regard to dower.   (*Langdon* v. *Mayor, etc.*, 93 N.

Y. 129; *Williams* v. *Mayor, etc.*, 105 N. Y. 420; *Agate* v. *Lowenbein*, 57 N. Y. 607.) Plaintiff's husband obtained his title to the pier, as an accretion to his fee in Front street. (*Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 286; *Lombard* v. *Kinzie*, 80 Ill. 132; *Gale* v. *Kinzie*, 80 Ill. 132.) Plaintiff's husband owned a fee in the uplands, and she is entitled to receive her dower out of the profits arising from the incorporeal rights, appurtenant and appendant thereto. (1 R. S. 750, § 10; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Wager* v. *T. U. R. R. Co.*, 25 N. Y. 526; *Carpenter* v. *O. & S. R. R. Co.*, 24 N. Y. 655; *Mahon* v. *N. Y. C. R. R. Co.*, 24 N. Y. 658; Gerard on Water Rights, 157; *Verplanck* v. *City of New York*, 2 Edw. Ch. 220; Code Civ. Pro. § 1613; *Stevens* v. *Stevens*, 3 Dana, 371; *Cheu* v. *Cheu*, 1 Md. 163; *Jourdan* v. *Haran*, 24 J. & S. 185; *Smith* v. *Smith*, 5 L. J. 124; *Blossom* v. *Blossom*, 9 Allen, 254.) Plaintiff is entitled to dower in the pier, as a fixture immovably annexed to the land or as an accretion thereto. (*Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 263; *Lombard* v. *Kenzie*, 173 Ill. 446; Code Civ. Pro. § 1614; *Smith* v. *Mayor, etc.*, 68 N. Y. 552.) Plaintiff's husband as one of the owners of the fee of the street had the right of immediate possession subject to the public easement, and such right is a seizin in law, sufficient to sustain an action for dower. (*Strong* v. *City of Brooklyn*, 68 N. Y. 1; *James* v. *Ryan*, 6 S. & M. 393; *McIntyre* v. *Costello*, 47 Hun, 289.)

O'BRIEN, J. The plaintiff is the widow of Alfred Bedlow, who died on the 15th of May, 1891, and she brought this action to recover dower in certain premises in the city of New York, consisting of lands now known as South street, the fee of which was in the plaintiff's husband at the time of his death, together with a wharf and pier attached to the said lands, the pier being known as No. 49 East river. The trial court determined that the premises were so situated that the plaintiff's dower could not be admeasured and laid off to her, and, therefore, awarded to her a sum equal to one-third of

the annual rental value of the property, to be paid to her in equal quarterly installments during her natural life, and that the sum so to be paid remained a charge upon the property during the period of plaintiff's natural life.

The plaintiff's claim is resisted by one of the defendants upon the ground that she has title to the property under two deeds from the husband in his lifetime conveying the entire interest in the property. The plaintiff did not unite with him in either of these deeds.

The property was originally conveyed by the city to one Henry Rutgers, who died about the year 1830. The plaintiff's husband derived title from him through various mesne conveyances, and at the time of his death it is admitted that he was seized and possessed of an undivided one-sixth part of the property. In 1834 the wharf property and the lots lying to the north were leased by the executors of Rutgers for a term of 21 years with the privilege of renewal for another term of the same duration. The tenants under this lease procured permission from the city authorities to construct a pier in front of the land, and under this permission the pier was built and attached to the bulkhead and wharf upon the land, and is still there. The pier extends into the river from the bulkhead over 300 feet and is thirty feet in width. It is appendant or appurtenant to the wharf, and for all practical purposes is a part of it.

The principal, if not the only, question involved in this appeal is whether this pier erected for the use of the wharf, the wharf itself being attached to the fee of the street, is real property in which the widow is entitled to dower. The courts below have held that the plaintiff's husband had an estate of inheritance in the property, to which the widow's right of dower attached.

We are relieved from the necessity of any lengthy examination or discussion of this question since we are of the opinion that it has already been decided by this court. It appears from the record that during the lifetime of the plaintiff's husband, he, with others, brought an action against certain persons

38

then in possession of the property to recover the same. It was an action to recover real property, and the character of the wharf and pier, whether real property, alienable and descendible as such, or something else, was involved in the litigation. The decision in the courts below was in favor of the defendants, but upon appeal to this court the judgment was reversed and the right of the plaintiff's husband to recover it as real estate was sustained. (*Bedlow* v. *N. Y. F. Dry Dock Company*, 112 N. Y. 263.) We can add nothing to the luminous and exhaustive discussion of the question which is to be found in that case. The whole question now before us is fully covered by that decision. It is there very clearly shown that the right which the plaintiff's husband then had in the property was real estate, and although the pier was erected upon land under water which belonged to the state, yet it was erected under and in pursuance of a statute and by the permission of the city authorities, and that under such circumstances it became attached to the realty and part and parcel of it.

If it were necessary to add anything to the discussion in that case we might cite other authorities in which the same or similar questions have been passed upon. (*Steers* v. *City of Brooklyn*, 101 N. Y. 51; *Smith* v. *Mayor, etc.*, 68 N. Y. 552; *Lombard* v. *Kinzie*, 73 Ill. 446.) These cases answer all the arguments presented by the learned counsel for the defendants against the plaintiff's right to recover dower. He contends that inasmuch as the pier was erected upon a mere easement which the owner of the uplands had, the permission of the city authorities to construct it was a mere license, revocable at pleasure. This argument would, of course, show that his own client had no title to the property under the deeds from the plaintiff's husband in his lifetime, and its only effect would be to prove that the title to the pier is still in the state or in the city. While it might defeat the plaintiff's claim, it would also defeat the defendants' claim. We think, however, that the permission given to the tenants of Rutgers to construct at their own expense this pier, which became appurtenant to the wharf, was something more than a mere

license revocable at the pleasure of the state. It was a right to use and maintain the pier in perpetuity, and neither the city nor the state could lawfully deprive the owners of its benefits without just compensation. This proposition is made quite plain in the cases to which we have referred.

The judgment of the court below was right and should be affirmed, with costs.

All concur (VANN, J., in result), except PARKER, Ch. J., not sitting.

Judgment affirmed. _____