### ANDRUS v. NATIONAL SUGAR REFINING CO. et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

DOCKS—RIGHT OF WAY—RESERVATION.

Patentees from the state of a right to erect any dock or docks that "shall be necessary to promote the commerce of the state" on the land under water thereafter described could, on conveying a part of the land to·third parties, though the docks had not then been erected, reserve a right of way in the premises described,—the right of way not being reserved in the franchise, but in the docks intended to be erected; and subsequent grantees erecting docks by virtue of the franchise were estopped to refuse such right of way.

Appeal from special term, Westchester county.

Action by John E. Andrus against the National Sugar Refining Company and the New York Central & Hudson River Railroad Company to establish a right of way in plaintiff, and to enjoin defendants from obstructing the same by means of a railroad siding and the use thereof. Judgment dismissing the complaint, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and JENKS, JJ.

Isaac N. Mills, for appellant.

Ralph E. Prime (Charles F. Brown, on the brief), for respondents.

JENKS, J. In 1851 the state, by letters patent, gave power and authority to Rich and Scrymser to erect any dock or docks that "shall be necessary to promote the commerce of the state" upon the land under water thereinafter described. In 1860 the said patentees and Woodworth conveyed in form by two separate deeds, one to Coleman and the other to Downing, by particular description, a part of the said land under water now occupied by the defendant. The said conveyances, respectively, "reserved to the parties of the first part, their heirs and assigns forever," a defined right of way over the premises described. The court determined that at the time of the execution of the deeds no part of the said lands had been appropriated for the authorized use, and thereupon dismissed the complaint on the merits for the reason that a right of way could not be reserved out of a franchise, but only out of land, and was only appurtenant to land, and therefore the "attempted reservation of the grantors in the deeds went for naught." If it should appear that title of the defendants to corporeal property which may be physically servient to a right of way is based entirely upon conveyances wherein such easement was expressly provided for and reserved by the grantor, it would appear inequitable that the defendant could affirm the conveyances, and disaffirm such agreement or reservation. In Mayo v. Newhoff, 47 N. J. Eq. 31, 19 Atl. 837, cited by the learned counsel for the appellant, the court, at page 36, 47 N. J. Eq., and page 839, 19 Atl., say:

"There can be no doubt that the dominion which the law gives every property owner over his property invests him with power, when he sells part, whether it be realty or personalty of the kind under consideration, to reserve such rights in the part sold, for the benefit of the part retained, as he may think proper. Every property owner of the kind in question may do with it as he pleases, so long as he does not attempt to apply it to an unlawful purpose. He may sell it, in whole or in part, subject to restrictions or free from restrictions, absolutely or conditionally."

In Valentine v. Schreiber, 3 App. Div. 235, 38 N. Y. Supp. 417, we said, per Cullen, J.:

"It is settled law that easements may be created by agreements or covenants that one shall have a right or privileges in the estate of another, as well as by express grants. Such agreements are grants, in effect,"—citing authorties.

An easement may be created by exception or by reservation in a grantor's deed. Grafton v. Moir, 130 N. Y. 465, 29 N. E. 974, 27 Am. St. Rep. 533; Rose v. Bunn, 21 N. Y. 275; Washb. Easem. (4th

Ed.) p. *21, citing Bowen v. Conner, 6 Cush. 132; Cowdrey v. Colburn, 7 Allen, 9.   See, too, Haggerty v. Lee, 50 N. J. Eq. 464, 26 Atl. 537; Id., 54 N. J. Law, 580, 25 Atl. 319, 20 L. R. A. 631; Dyer v. Sanford, 9 Metc. (Mass.) 395, 405, 43 Am. Dec. 399.

In Harper v. Williams, 110 N. Y. 260, 18 N. E. 77, a grant in similar terms was held to convey only the right to build a wharf or a dock for the public use, with authority to collect dockage. The right conferred upon the patentees was but a franchise,—an incorporeal hereditament. Smith v. Mayor, etc., 68 N. Y. 552; Wiswall v. Hall, 3 Paige, 313. But the very purpose of the grant was action thereunder in benefit to the commerce of the state. In Wiswall v. Hall, supra, the chancellor says that such a franchise could not be granted, even by the crown, except upon some consideration of benefit to the public, as the erection of a wharf, etc. An exercise of this power or authority must necessarily result in the building of a dock or docks. In Smith v. Mayor, etc., supra, the court, per Earl, J., say that a pier built under a franchise was in no sense incorporeal, but rather in the nature of real estate, so that the grantee practically had as full benefit from the land which supported the pier as though he owned the land in fee. In Bedlow v. Stillwell, 158 N. Y. 292, 53 N. E. 26, it is held that a pier built, in pursuance of authority, upon land under water, belonging to the state, may be regarded as real estate. The franchise was property capable of conveyance. People v. O'Brien, 111 N. Y. 1, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684; Railway Co. v. Miller, 114 U. S. 176, 5 Sup. Ct. 813, 29 L. Ed. 121; Ger. Tit. Real Estate (4th Ed.) 100; Tied. Real Prop. § 633. As the original grant contemplated beneficial action to the state, and as action thereunder must result in the creation of corporeal property, it may be assumed that the subsequent conveyances based upon that grant contemplated the creation of corporeal property. The deeds did not purport to reserve a right of way in a franchise, but related to certain realty, together with all of the rights of the parties of the first part to any docking or other privileges pertaining to the Hudson river front of the above-described premises, and subject to the conditions of the original patent. Even so far as the conveyance related to the letters patent, it related to an incorporeal hereditament which partook of realty. Ger. Tit. Real Estate, supra. To hold that the grantor and grantee had in mind the reservation of a right of way in a mere incorporeal hereditament is but to ascribe a vain and a foolish thing to sensible men, while a construction that the parties had in mind the corporeal property which must necessarily be the result of an exercise of the grant makes the reference to a right of way sensible, and gives effect to the intent and design of the parties as indicated by their words. Bridger v. Pierson, 45 N. Y. 601, 604.

Even though when the defendant or its predecessors took their respective conveyances which embodied the reservation of the right of way to the respective grantors, there was no corporeal property in existence, for the reason that the franchise over the property had not been exercised, so that there could be no actual enjoyment of the easement, yet if the corporeal property of the defendant owed its existence solely to such conveyance, and was the sole and necessary

result of the exercise of the franchise, I think that the defendant is estopped. Dock Co. v. Leavitt, 54 N. Y. 35, 13 Am. Rep. 556; Post v. Railroad Co., 123 N. Y. 580, 587, 26 N. E. 7; Association v. Kellogg, 141 N. Y. 348, 356, 36 N. E. 326. If it took the conveyance subject to such reservation or agreement, it cannot stand upon that conveyance, and at the same time deny the agreement or reservation therein expressed.

I have considered only the question considered by the learned special term. In view of the new trial, consideration of the other questions is not necessary, and it is not needful for the guidance of the court.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.