JOHN E. ANDRUS, Appellant, *v.* THE NATIONAL SUGAR REFINING COMPANY and THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondents.

*Easement, how created — reservation of a right of way, by grantors having letters patent authorizing them to erect docks on land under water — it refers to a right of way over the docks — estoppel as to one acting under a conveyance, to repudiate it.*

An easement may be created by an exception or by a reservation in a deed.

Persons who had received letters patent from the State of New York authorizing them to erect such docks as "shall be necessary to promote the commerce of our said state" upon certain land under the waters of the Hudson river, before appropriating any part of the lands to that purpose conveyed portions of the land by deeds containing the following clause: "Reserving to the parties of the first part, their heirs and assigns, forever a right of way over so much of the above-described premises as lies between the above-mentioned westerly line of the R. R. Co.'s land and another line to be drawn parallel with said R. R. Co.'s land and 17 feet distant westerly therefrom." A mesne grantee of such lands so conveyed subsequently erected docks thereon.

In an action brought by a person who had succeeded to the original patentees' remaining interest in the lands against such mesne grantee to establish the right of way, it was

*Held,* that the reservation in the deed should not be construed as an attempt to reserve a right of way in the franchise to erect docks upon the property, but as a reservation of a right of way in the docks which should be subsequently constructed upon the property;

That the defendant could not resort to the conveyance as the source of its authority to erect docks upon the premises and then repudiate the reservation of the right of way.

APPEAL by the plaintiff, John E. Andrus, from a judgment of the Supreme Court in favor of the defendants, entered in the office

of the clerk of the county of Westchester on the 19th day of December, 1900, upon the decision of the court, rendered after a trial at the Westchester Special Term, dismissing the complaint upon the merits.

The action was brought to establish a right of way in the plaintiff through a strip of land owned by the defendant, The National Sugar Refining Company, and to enjoin the defendant from obstructing the same by means of a railroad siding.

The language of the conveyances conferring the alleged right of way is as follows :

" Reserving to the parties of the first part, their heirs and assigns forever, a right of way over so much of the above-described premises as lies between the above-mentioned westerly line of the R. R. Co.'s land and another line to be drawn parallel with said R. R. Co.'s land and 17 feet distant westerly therefrom."

The plaintiff has succeeded to the rights of Rich and Scrymser, the original patentees from the State, referred to in the opinion, in the lands in question.

*Isaac N. Mills,* for the appellant.

*Ralph E. Prime* and *Robert F. Wilkinson* [*Charles F. Brown* with them on the brief], for the respondents.

JENKS, J. :

In 1851 the State, by letters patent, gave power and authority to Rich and Scrymser to erect any dock or docks that " shall be necessary to promote the commerce of our said state " upon the land under water thereinafter described. In 1860 the said patentees and Woodworth conveyed in form by two separate deeds, one to Coleman and the other to Downing, by particular description, a part of the said land under water now occupied by the defendant, The National Sugar Refining Company, upon which land docks were subsequently erected. The said conveyances respectively " reserving to the parties of the first part, their heirs and assigns forever," a defined right of way over the premises described. The court determined that at the time of the execution of the deeds no part of the said lands had been appropriated for the authorized use, and thereupon dismissed the complaint on the merits for the reason that

a right of way could not be reserved out of a franchise, but only out of land, and was only appurtenant to land, and, therefore, the "attempted reservation" of the grantors in the deeds "went for naught." If it should appear that title of the defendants to corporeal property which may be physically servient to a right of way is based entirely upon conveyances wherein such easement was expressly provided for and reserved by the grantor, it would appear inequitable that the defendants could affirm the conveyances and disaffirm such agreement or reservation. In *Mayo* v. *Newhoff* (47 N. J. Eq. 31), cited by the learned counsel for the appellant, the court (at p. 36), say: "There can be no doubt that the dominion which the law gives every property owner over his property, invests him with power, when he sells part, whether it be realty or personalty of the kind under consideration, to reserve such rights in the part sold for the benefit of the part retained as he may think proper. Every property owner of the kind in question may do with it as he pleases so long as he does not attempt to apply it to an unlawful purpose. He may sell it in whole or in part; subject to restrictions or free from restrictions; absolutely or conditionally."

In *Valentine* v. *Schreiber* (3 App. Div. 235) we said, per CULLEN, J.: "It is settled law that easements may be created by agreements or covenants that one shall have a right or privileges in the estate of another, as well as by express grants. Such agreements are grants in effect," citing authorities. An easement may be created by exception or by a reservation in a grantor's deed. (*Grafton* v. *Moir*, 130 N. Y. 465; *Rose* v. *Bunn*, 21 id. 275; Washb. Ease. & Serv. [4th ed.] *21, citing *Bowen* v. *Conner*, 6 Cush. 132; *Cowdrey* v. *Colburn*, 7 Allen, 9. See, too, *Haggerty* v. *Lee*, 50 N. J. Eq. 464; 54 N. J. L. 580; *Dyer* v. *Sanford*, 9 Metc. 395, 405.)

In *Harper* v. *Williams* (110 N. Y. 260) a grant in similar terms was held to convey only the right to build a wharf or a dock for the public use, with authority to collect dockage. The right conferred upon the patentees was but a franchise — an incorporeal hereditament. (*Smith* v. *Mayor*, 68 N. Y. 552; *Wiswall* v. *Hall*, 3 Paige, 313.) But the very purpose of the grant was action thereunder in benefit to the commerce of the State. In *Wiswall* v. *Hall* (*supra*) the chancellor says that such a franchise could not be granted, even

by the Crown, except upon some consideration of benefit to the public, as the erection of a wharf, etc. An exercise of this power or authority must necessarily result in the building of a dock or docks. In *Smith* v. *Mayor* (*supra*) the court, per EARL, J., say that a pier built under a franchise was in no sense incorporeal, but rather in the nature of real estate, so that the grantee practically had as full benefit from the land which supported the pier as though he owned the land in fee. In *Bedlow* v. *Stillwell* (158 N. Y. 292) it is held that a pier built in pursuance of authority upon land under water, belonging to the State, may be regarded as real estate. The franchise was property capable of conveyance. (*People* v. *O'Brien*, 111 N. Y. 1; *Chesapeake & Ohio Railway Co.* v. *Miller*, 114 U. S. 176; Gerard Tit. Real Est. [4th ed.] 100; Tied. Real Prop. [2d ed.] § 633.) As the original grant contemplated beneficial action to the State, and as action thereunder must result in the creation of corporeal property, it may be assumed that the subsequent conveyances based upon that grant contemplated the creation of corporeal property. The deeds did not purport to reserve a right of way in a franchise, but related to certain realty, together with all of the rights of the parties of the first part to any docking or other privileges pertaining to the Hudson river front of the above-described premises, and subject to the conditions of the original patent. Even so far as the conveyance related to the letters patent, it related to an incorporeal hereditament which partook of realty. (Gerard Tit. Real Est. *supra.*) To hold that the grantor and grantee had in mind the reservation of a right of way in a mere incorporeal hereditament, is but to ascribe a vain and a foolish thing to sensible men, while a construction that the parties had in mind the corporeal property which must necessarily be the result of an exercise of the grant, makes the reference to a right of way sensible, and gives effect to the intent and design of the parties as indicated by their words. (*Bridger* v. *Pierson*, 45 N. Y. 601, 604.)

Even though when the defendant, The National Sugar Refining Company, or its predecessors took their respective conveyances, which embodied the reservation of the right of way to the respective grantors, there was no corporeal property in existence, for the reason that the franchise over the property had not been exercised, so that there could be no actual enjoyment of the easement; yet if the

corporeal property of such defendant owe its existence solely to
such conveyance and was the sole and necessary result of the exercise of the franchise, I think that the defendant is estopped. (*Atlantic Dock Co.* v. *Leavitt*, 54 N Y. 35; *Post* v. *W. S. R. R. Co.*, 123
id. 580, 587; *Round Lake Association* v. *Kellogg*, 141 id. 348,
356.) If it took the conveyance subject to such reservation or
agreement, it cannot stand upon that conveyance and at the same
time deny the agreement or reservation therein expressed.

I have considered only the question considered by the learned
Special Term. In view of the new trial consideration of the other
questions is not necessary, and it is not needful for the guidance of
the court.

All concurred, except HIRSCHBERG, J., not sitting.

Judgment reversed and new trial granted, costs to abide the final
award of costs.